UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

M.G., *a minor and through her mother*,
*Christina Garcia*, et al.,

    Plaintiffs,

v.    Civ. No. 22-325 MIS/GJF

DAVID SCRASE, *Secretary for the Human Services Department, State of New Mexico*, et al.,

    Defendants.

## ORDER DENYING MOTION TO PERMIT DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion and Memorandum to Permit Discovery ("Motion"). ECF 40. The Motion is fully briefed. *See* ECFs 43 ("Response"), 45 ("Reply"). For the following reasons, the Court **DENIES** the Motion.

**I.  BACKGROUND**

Plaintiffs filed the instant action on April 28, 2022. ECF 1. Plaintiffs, a putative class of medically vulnerable children, allege that Defendants have violated multiple federal and state statutes by failing to provide "medically necessary nursing services" to the class members. *See* Compl., ECF 1, at 2–3, 48–49. Plaintiffs contend that this failure violates New Mexico's Medicaid program, and they seek injunctive relief plus damages from the program's administrator and three private corporate providers. *Id.* In lieu of answering the Complaint, Defendants HCSC Insurance Services Company, Presbyterian Health Plan Inc., and Western Sky Community Care, Inc. (collectively "Defendants") responded to Plaintiffs' allegations with a joint motion to dismiss on July 15, 2022. ECF 21.[1]

At Plaintiffs' request, the Court held a telephonic status conference on August 9, 2022.

---

[1] Defendants David Scrase and New Mexico Human Services Department have answered. ECF 18.

ECF 39.  Plaintiffs asked the Court to open discovery by issuing an initial scheduling order ("ISO").  *See id.*  The Court declined, concerned that an ISO would impose discovery costs and obligations prematurely in light of Defendants' pending motion to dismiss.  *Id.*  Opting instead to postpone the issuance of an ISO, the Court invoked Rule 16's "good cause" exception during the status conference.  *See id.*; *accord* Fed. R. Civ. P. 16(b).  Plaintiffs protested, however, maintaining that the Court lacked authority under Rule 16 to delay issuing an ISO later than either sixty days after any defendant appeared or ninety days after any defendant was served; and, per Plaintiffs, "good cause" requires more than filing a dispositive motion.  *See* ECF 39; Mot. at 1–2.  Plaintiffs requested an opportunity to brief the issue, which the Court granted.  This Motion followed.

In the Motion, Plaintiffs take the same position they took during the status conference.  According to them, the Court cannot withhold an ISO pending resolution of a dispositive motion because the motion standing alone does not support a finding of "good cause."  *E.g.*, Mot. at 2.  Plaintiffs argue that: (1) the Federal Rules do not authorize an "indefinite stay"[2] of discovery and (2) Defendants needed to show "good cause" beyond the pendency of the dispositive motion to support further delay.  Alternatively, Plaintiffs ask the Court to open discovery at least with respect to Defendants Scrase and the State of New Mexico's Human Services Department ("State Defendants") because they failed to respond to the Motion and should be deemed to have consented *sub silentio* to discovery's commencement with respect to them.  Reply at 1; *accord* D.N.M.LR-Civ. 7.1(b).

For their part, Defendants respond that: (1) the Court's power to stay discovery *sua sponte* is

---

[2] To be clear, the Court condoned no "indefinite" stay of discovery in this case.  *Compare, e.g.*, Mot. at 6 (equating the delayed ISO with "an indefinite stay"), *with id.* at 1 (*explicit* acknowledgment that resolution of the pending 12(b) motion—a discrete, particular future event—would prompt the Court to issue an ISO), *and* ECF 39 at 1–2 (same).

inherent; (2) Rule 16 permits the Court, *sua sponte*, to delay issuing an ISO when the Court finds good cause to do so; and (3) the pending dispositive motion satisfies Rule 16's "good cause" standard.

## II.   LEGAL STANDARD

Delaying the issuance of an ISO, which effectively postpones the start of discovery, technically qualifies as a "stay" of "proceedings."[3]  A court's authority to stay discovery is "incidental to the power *inherent in every court* to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *E.g.*, *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (emphasis added)).  The Advisory Committee on Rules, understanding this inherent authority and the need for trial courts' discretion to manage their dockets, embedded the power in Rule 16 through the Rule's "good cause" exception.  *See* Fed. R. Civ. P. 16(b)(2).  The Rule vindicates this power by providing that:

> [t]he judge must issue the scheduling order as soon as practicable, but *unless the judge finds good cause for delay*, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

> Fed. R. Civ. P. 16(b)(2) (emphasis added).

A closer look at the Rule's history confirms this view.  The Advisory Committee on Rules built and restructured Rule 16[4] around the Committee's understanding that effective case

---

[3] *See Proceeding*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment . . . . An act or step that is part of a larger action."); *Stay*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("The postponement or halting of a proceeding, judgment, or the like.").

[4] Although Plaintiffs maintain that the proper rule to be applied here is Rule 26, the distinction matters not because both Rules 16 and 26 contemplate the trial court's discretion over managing discovery.  *See Nardo v. Homeadvisor, Inc.*, No. 21-cv-01709-RM-KLM, 2022 WL 1198995, at *2 (D. Colo. Jan. 4, 2022*)* ("It cannot be

management required leaving courts wide berth to adapt discovery to each case's idiosyncrasies.[5] Accordingly, Rule 16 empowers a court upon finding good cause to "decide that[,] in a particular case[,] it would be wise to stay discovery on the merits until [certain challenges] have been resolved." *Nardo v. Homeadvisor, Inc.*, No. 21-cv-01709-RM-KLM, 2022 WL 1198995, at *2 (D. Colo. Jan. 4, 2022) (unreported) (quoting 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994)). Federal courts exercising their discretionary authority under Rule 16 routinely stay discovery *sua sponte*. *See, e.g.*, Order Finding Good Cause to Delay Scheduling Order, at 1, *Bessios v. Pueblo of Pojoaque*, Civ. No. 22-266 (D.N.M. May 5, 2022) (finding *sua sponte* good cause to delay the issuance of an ISO); Order Staying Discovery, at 1, *Dixon v. Stone Truck Line, Inc. et al.*, Civ. No. 19-945 (D.N.M. April 21, 2020) (same).

"Good cause" may come from a variety of circumstances. In this circuit, a pending, ostensibly non-frivolous, dispositive motion typically suffices. *See N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, Civ. No. 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. July 11, 2013) (unreported) (dismissal would render moot the "likely . . . substantial and expensive discovery" requested by plaintiff); *Dawson v. Continental Ins. Co.*, No. 13-cv-03511-PAB-KMT, 2014 WL 1210285, at *2 (D. Colo. March 24, 2014) (staying discovery pending the determination of a motion to dismiss on preemption grounds); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.

---

gainsaid that the court has considerable discretion over the timing of discovery . . . empowered under Fed. R. Civ. P. 26(c).").

[5] Rule 16 has been amended six times since its genesis in 1938. From its inception, the Rule has focused on "relieving congested . . . trial calendars" and "improv[ing] the quality of justice rendered" without "over-regulat[ing]" or "under-regulat[ing]" cases—express recognition of the need for discretion under the Rule. *See* Fed. R. Civ. P. 16, Advisory Committee Notes, 1937 Adoption; Fed. R. Civ. P. 16, Advisory Committee Notes, 1983 Amendments; *see also* Fed. R. Civ. P. 16, Advisory Committee Notes, 2015 Amendments (acknowledging the court's discretionary authority to "find good cause to extend the time to issue the scheduling order").

4

30, 2006) (same given a motion to dismiss for lack of personal jurisdiction). When exercised appropriately, the discretion to stay discovery pending the resolution of a dispositive motion provides "an eminently logical means" of efficient case management because it can "prevent wasting the time and effort of all concerned, and [encourage] the most efficient use of judicial resources." *Nardo*, 2022 WL 1198995, at *2 (internal citations omitted).

### III. DISCUSSION

Plaintiffs offer two arguments in support of their theory that the Court should not delay the commencement of discovery. First, they narrowly interpret Rule 16 to strip the Court of its power to find good cause *sua sponte*. *See* Mot. at 1–2. Instead, Plaintiffs assert that the only source of the Court's authority to stay discovery is Rule 26, which would first require Defendants to move for a protective order—something they have not done here. Plaintiffs support their view of Rule 16 with its 2015 amendments' Advisory Committee Notes, which they construe as promoting one narrow purpose above all others: reducing delay at the beginning of trial. Plaintiffs appear to have divined this purpose from a single exemplar mentioned in the Advisory Committee Notes. Second, Plaintiffs contend that the "good cause" standard requires more than a pending dispositive motion, standing alone. The Court considers both arguments to be unavailing.

#### A. Court May Delay Issuing ISO While Dispositive Motion Pending

As explained above, Rule 16(b)(2)'s plain meaning permits the Court to issue an ISO outside the Rule's prescribed timeframe upon a finding of good cause. One well-understood example of good cause is the pendency of a dispositive motion that, if granted, would obviate considerable party costs and judicial resources. *See, e.g.*, Order Finding Good Cause to Delay Scheduling Order, Vacating Initial Scheduling Conference, and Setting Expedited Briefing Schedule, *Bisconte v. Sandia Nat'l Labs.*, Civ. No. 21-462, 2021 WL 2667164, at *1 (D.N.M. June

8, 2021) (staying discovery pending the resolution of jurisdictional uncertainties). Rule 16 condones staying discovery on such grounds *sua sponte*, i.e., before a party moves for a protective order. *See, e.g.*, *id.* ("THIS MATTER is before the Court *sua sponte*." (emphasis in original)).

This flexibility stems from the inherent conflict arising from the Rule's attempt to balance two normative values: reducing pretrial delay while preserving a trial court's authority to manage its docket depending on each case's unique supervisory needs. For example, the Advisory Committee Notes anticipated that the 2015 amendments would probably reduce delay at the beginning of litigation, yet they also expressly permitted deviation from standard ISO procedures, albeit for good cause. *See* Fed. R. Civ. P. 16, Advisory Committee Notes, 2015 Amendment. And the Notes' permissive, hypothetical language implies that the Advisory Committee provided the Notes' subsequent example for illustrative purposes only. *See* Fed. R. Civ. P. 16, Advisory Committee Notes, 2015 Amendment ("*In some cases it may be that* the parties [need extra time to meet and confer under Rule 26 due to complex issues, multiple parties, or large organizations]." (emphasis added)); *cf. Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419 (1978) (rejecting a "mechanical [statutory] construction" gleaned from "permissive and discretionary language"); *see also Allegis Investment Servs., LLC v. Arthur J. Gallagher & Co.*, 371 F.Supp.3d 983, 1000–01 (D. Utah Mar. 1, 2019) (recognizing that "the use of permissive and hypothetical [contractual] language" does not support a construction that invalidates all discretion).

The construction of Rule 16 that Plaintiffs urge the Court to adopt would frustrate the Rule's deliberately open-ended good-cause standard and eliminate the power of a trial court to stay discovery *sua sponte*. But their novel theory—that the Court cannot delay issuing an ISO without Defendants first moving for a protective order—finds no support either in Rule 16, their

narrow interpretation of the Rule's Advisory Committee Notes, or Rule 26.[6] A plain reading of Rule 16's good-cause exception reveals *no mention* of motions for protective orders let alone supports a construction requiring such motions as preconditions to the Court exercising its own discretionary authority. And Plaintiffs' theory finds equally little support in Rule 16's 2015 amendments' Advisory Committee Notes. Nor does the Court construe the Notes' illustrative example as the only sufficient condition to delay discovery under the Rule.

In sum, Plaintiffs' narrow view of Rule 16 is unanchored to this circuit's precedent, a plain reading of the Rule, or the Rule's Advisory Committee Notes. Although the Court must "give weight to the advisory committee notes in arriving at a proper understanding of a particular rule," the Court is not bound to adopt Plaintiffs' proffered interpretation and declines to do so. *Cf.* Reply at 2 (quoting *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180 (10th Cir. 2009)).

### B. The Court Properly Found "Good Cause" under Rule 16

As detailed above, Rule 16 recognizes good cause in staying discovery pending the resolution of a dispositive motion. Doing so conserves parties' financial resources and already sparse judicial resources—an undeniably meritorious reason. Although "the Supreme Court reasoned that there must be 'reasonable limits' on the scope of a stay," the Court has imposed a reasonably limited one here. *Compare, e.g.*, Mot. at 3. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *with* ECF 39 (delaying the ISO only "until [the presiding judge] rules on the pending motion to dismiss or until all defendants have appeared and answered"). Plaintiffs'

---

[6] Plaintiffs claim that Rule 26 provides the Court's only source of authority to stay discovery yet repeatedly acknowledge the power to stay discovery "for good cause" under Rule 16. *See, e.g.*, Mot. at 2–4. But Rule 26 concerns party motions for protective orders *during discovery*—not the ISO itself that opens discovery. To be clear, the instant Motion is governed by Rule 16, not Rule 26.

citations to inapposite precedent provide no incentive to depart from this conclusion.[7]  Thus, consistent with the Court's directive "to stay discovery . . . so as to 'secure the just, speedy[,] and *inexpensive* determination of every action,'" the Court still finds compelling reason to temporarily stay discovery.  *Cf.* Mot. at 4–5 (emphasis added) (quoting Fed. R. Civ. P. 1).

### C.  The Court Will Not Create Two Separate Scheduling Orders

Plaintiffs observe that the State Defendants failed to respond to the Motion and urge the Court to at least open discovery with respect to those defendants.  Although Plaintiffs correctly note that an opposing party's silence as to a motion can be considered its consent to granting it per Local Rule 7.1(b), the Court is not bound to grant Plaintiffs' request.  Indeed, doing so here would eventually require a separate ISO for whichever defendants, if any, remain in this case once the presiding judge resolves Defendants' pending dispositive motion.  Were the Court to authorize commencement of discovery now as to the State Defendants, the corporate provider defendants would necessarily have to participate in that discovery, particularly with respect to deposition discovery.  It is vastly more prudent for this Court to await what it expects to be the reasonably prompt resolution of the dispositive motion before opening discovery as to *any* defendant.  Therefore, exercising its discretion and the *sua sponte* authority granted it under Rule 16(b)(2), the Court will decline to issue an ISO just for the State Defendants.

---

[7] Plaintiffs urge the Court to utilize the five-factored "individualized review" from a case procedurally distinct from the instant case. Mot. at 5 (quoting *Mestas v. CHW Grp., Inc.*, Civ. No. 19-792, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (unpublished)); *but see Mestas*, 2019 WL 5549913, at *1 ("Ultimately, the decision to issue a stay of discovery is within the *broad discretion of the [trial] court*." (emphasis added)).  But courts in this district apply Plaintiffs' preferred test in cases with markedly distinguishable procedural postures. *Compare* Mot. at 5, *and Todd v. Montoya*, Civ. No. 10-106, 2011 WL 13286329, at *1 (D.N.M. Jan. 18, 2011) (unpublished) (moving to lift an already existing stay of discovery following the resolution of dispositive motions); *and* Motion for Protective Order to Temporarily Stay Discovery and Stay All Scheduling Order Deadlines Pending Ruling on Defendants Motion to Dismiss, at 1, *Mestas v. CHW Grp. Inc., et al.*, Civ. No. 19-792 (D.N.M. Oct. 15, 2019) (considering a stay prompted by a motion for a protective order under Rule 26(c)), *with* ECF 39 (Court applying Rule 16's good-cause exception).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion**.**

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE