# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through
her mother Christina Garcia, et al.,

    Plaintiffs,

v.                                                                                    Civ. No. 1:22-cv-00325 MIS/GJF

DAVID SCRASE, in his official capacity
as Secretary for the Human Services
Department of New Mexico, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on the Joint Motion to Dismiss filed by Defendants Western Sky Community Care, Inc., HCSC Insurance Services Company operating as Blue Cross and Blue Shield of New Mexico, and Presbyterian Health Plan, Inc. (collectively "MCO Defendants"). ECF No. 21. Plaintiffs responded, and MCO Defendants replied. ECF Nos. 48, 56. Having considered the parties' submissions, the operative Complaint, and the relevant law, the Court will **GRANT** the Motion.

## BACKGROUND

Medicaid directs federal funding to states, including New Mexico, for the provision of medical assistance to low-income individuals who would not otherwise be able to afford healthcare. *See generally* 42 U.S.C. § 1396. States participating in Medicaid must designate a single state agency to administer and supervise the program and ensure compliance with the law. 42 U.S.C. § 1396a(a)(5). Here, New Mexico Human Services Department ("HSD") is that designated agency. *See* ECF No. 1 at 33. HSD does not

provide health services directly to enrollees, nor does it provide enrollees with monies directly, but instead contracts with managed care organizations ("MCOs") to provide services. *See id.* at 2, 9. The Medicaid Act requires that a state Medicaid plan furnish healthcare services "with reasonable promptness to all eligible individuals," including "private duty nursing services" to those living in their home communities, as opposed to uniformly requiring institutionalization for high-need patients. 42 U.S.C. §§ 1396a, 1396d(a)(8). Indeed, one of the goals of the Medicaid program is to help disabled individuals to "retain [the] capability for independence . . . ." 42 U.S.C. § 1396-1.

Plaintiffs' claims arise out of Defendants' alleged failure to provide them with adequate hours of private nursing services, despite Plaintiffs' having previously been approved for a certain number of hours by New Mexico's Medicaid program. ECF Nos. 1 at 2, 8; 48 at 2. Plaintiffs are ill children who have been found to be "medically fragile" under the Medicaid program, as each has "a life threatening condition characterized by reasonably frequent periods of acute exacerbation, which require frequent medical supervision or physician consultation and which, in the absence of such supervision or consultation, would require hospitalization." Medically Fragile Home and Community-Based Services Waiver, N.M. Human Servs. Dep't, 8.314.3.12(B)(1) NMAC; *see generally* ECF No. 1.

Plaintiffs' severe disabilities include, among others, the inability to feed themselves or go to the bathroom unassisted, difficulty breathing and multiple daily seizures. ECF No. 1 at 24, 26–27, 29. Plaintiff A.C., for example, is a nine-year-old who requires "maximum assistance in basic living functions such as feeding, walking, toileting and bathing," and requires "regular breathing assessments." *Id.* at 24. She "experiences seizures every day,

often requiring oxygen assistance" and also experiences episodes wherein she "loses all motor control for up to one minute at a time." *Id.* Plaintiffs allege she requires *forty* more hours of private duty nursing per week than she is currently receiving. *Id.* at 25. Plaintiff M.G., a three-year-old girl, is dependent on a ventilator and a feeding tube, and suffers from seizures. *Id.* at 29. Plaintiff C.V. is a three-year-old boy who suffers medication-resistant seizures and is dependent on a feeding tube. *Id.* at 26–27. Plaintiffs assert that, in the absence of adequate private duty nursing hours, all three disabled children are at constant risk of life-threatening medical complications. *Id.* at 26, 29, 31.

Plaintiffs filed the Complaint on April 28, 2022, alleging that Defendants' failure to ensure that all medically necessary private nursing hours are provided exposes them to "unnecessary isolation," as their families are not able to take them outside the home without such assistance, and "the risk of institutionalization or hospitalization," in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Patient Protection and Affordable Care Act. *Id.* at 5.

Plaintiffs' claims against MCO Defendants, in particular, arise solely from MCO Defendants' alleged breaches of their respective contracts with Defendant HSD. *Id.* at 2; ECF No. 48 at 2. MCO Defendants now move for dismissal of Plaintiffs' claims against them on the basis that Plaintiffs are not intended third-party beneficiaries of MCO Defendants' contracts with HSD, and thus lack standing under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and fail state a claim under Rule 12(b)(6). ECF No. 21 at 1, 4. Separately, MCO Defendants ask that the Court dismiss Plaintiffs' claim for declaratory relief and their request for punitive damages. *Id.* at 15. Because the Court will resolve the Motion under Rule 12(b)(6), as discussed more fully below, the Court will not analyze

3

Defendants' claims under Rule 12(b)(1). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014) (upholding dismissal of third-party beneficiary claim under 12(b)(6)).

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d, 1272, 1281 (10th Cir. 2021).

## DISCUSSION

MCO Defendants argue that Plaintiffs' claims against them "rest on the erroneous assumption" that New Mexico's Patient Protection Act ("PPA") grants them a private right of action to enforce their contracts with HSD as third-party beneficiaries. ECF No. 21 at 4. MCO Defendants also contend that Plaintiffs' declaratory judgment claim should be dismissed, because it "either relates solely to a collateral legal issue or is entirely duplicative" of their other claims. *Id.* In the event that the Court finds that Plaintiffs have a

4

right of action as third-party beneficiaries, MCO Defendants allege that Plaintiffs' claims are still barred as they have failed to administratively exhaust through HSD under the Public Assistance Appeals Act, and the contracts' mandatory dispute resolution clause. *Id.* at 8–10. Meanwhile, Plaintiffs maintain that while the PPA affords them the statutory right to bring an action for breach of contract as third-party beneficiaries, they are not bound by the contracts' mandatory dispute resolution clause. ECF No. 48 at 3, 22–26. They further argue they are not required to exhaust administrative remedies, and that, in any event, such remedies are futile. *Id.* at 14-15.

## I. Whether the Court May Consider MCO Agreements in Resolving MCO Defendants' Motion

As a threshold matter, Plaintiffs object to the characterization of MCO Defendants' Motion as a factual attack, and ask that the Court decline to consider "competing facts outside of the Complaint." ECF No. 48 at 6–7. Defendants clarify in their Reply that their standing challenge is not a factual attack but instead merely "a facial attack based on the allegations in the Complaint and the MCO Agreements referenced therein," and that they do not ask the Court to look outside the Complaint, but merely to look at the language of the contracts at issue, which they allege are incorporated by reference into the Complaint and thus permissible to consider under Rule 12(b)(6). ECF No. 56 at 8.

As Defendants note, in determining a 12(b)(6) motion to dismiss, courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Here, Plaintiffs do not dispute that the MCO Agreement attached to Defendants' Motion, ECF No. 21-1, represents the language of the contracts referenced in their Complaint. *See generally* ECF No. 48. Plaintiffs' claims against MCO Defendants are based solely on their third-party enforcement of these contracts, meaning that the MCO Agreement is central to their claims. *See* ECF No. 1 at 34–41. The Court will therefore consider the MCO Agreement in its Rule 12(b)(6) analysis as representative of the three contracts referenced in Plaintiffs' Complaint. *See id.* at 6, 20–21, 23, 34–41; ECF No. 48.

## II. Whether Plaintiffs Have Enforcement Rights as Third-Party Beneficiaries of MCO Defendants' Contracts

HSD has entered into "substantively similar" contracts with each of the MCO Defendants. ECF Nos. 21 at 2; 1 at 20. These contracts expressly disclaim the right of any non-signatory to enforce the contracts as a third-party beneficiary. ECF No. 21-1 at 341 ("Only the Parties to this Agreement, and their successors in interest and assigns, have any rights or remedies under, or by reason of, this Agreement.").

Plaintiffs, however, contend that the PPA invalidates this third-party beneficiary disclaimer, and indeed, seek a declaratory judgment to that effect. *See* ECF No. 1 at 31–34. Plaintiffs allege that Section 59A-57-9(C) of the PPA explicitly grants them the right to sue as third-party beneficiaries, and that this does not compromise HSD's authority to the extent that it is guaranteed in the following section of the statute. ECF No. 48 at 8–9.

MCO Defendants, meanwhile, contend that Section 59A-57-9 of the PPA does not invalidate the contractual disclaimer because, as explained in the following section of the statute, Medicaid enrollees are excluded from the *general* grant of authority to sue as a third-party beneficiary. ECF No. 56 at 10–15. Thus, MCO Defendants argue the

contractual disclaimer remains effective and Plaintiffs have no right of enforcement. ECF No. 21 at 9. MCO Defendants maintain that any other outcome would impermissibly compromise HSD's authority to administer the Medicaid program, in violation of Section 59A-57-10 of the PPA. *Id.* at 7–8.

If parties to a contract intended to benefit a third party, such third-party beneficiary may have the right to enforce that contract. *Fleet Mortg. Corp. v. Schuster*, 811 P.2d 81, 82–83 (N.M. 1991). However, contractual disclaimers of intended third-party beneficiaries are normally valid, on the theory that the plain language of a contract represents the contracting parties' intentions. *See*, *e.g.*, *Gorsuch*, 771 F.3d at 1238; *Estate of Stevens v. Bd. of Cnty. Comm'rs of Cnty. of San Juan*, No. 1:13-cv-00882 WJ/KK, 2014 WL 12785147, at *11 (D.N.M. Nov. 5, 2014); *Thompson v. Potter*, 268 P.3d 57, 61–62 (N.M. Ct. App. 2011).

> To complicate matters, however, the PPA provides that, generally:
>
> an individual enrollee participating in or eligible to participate in a managed health care plan shall be treated as a third-party beneficiary of the managed health care plan contract between the plan and the party with which the plan directly contracts. An individual enrollee may sue to enforce the rights provided in the contract that governs the managed health care plan . . . .

N.M. Stat. Ann. § 59A-57-9(C) (1978). The following section of the PPA adds that "[a] managed health care plan offered through the [M]edicaid program shall grant enrollees and providers the same rights and protections as are granted to enrollees and providers in any other managed health care plan subject to the provisions of the [PPA]." § 59A-57-10(A). Thus, Section 59A-57-10(A), titled "Application of act to [M]edicaid program," seems to explicitly apply Section 59A-57-9(C) to Medicaid enrollees such as Plaintiffs.

Instructively, however, the first sentence of the same provision provides clarity. It states that "*Except as otherwise provided in this section*, the provisions of the [PPA] apply to the [M]edicaid program operation in this state." § 59A-57-10(A) (emphasis added). The section goes on to provide that HSD "shall have *sole authority* to determine, establish and enforce [M]edicaid eligibility criteria, the scope, definitions and limitations of [M]edicaid benefits" and that "[n]othing in the [PPA] shall be construed to limit the authority of [HSD] to administer the [M]edicaid program, as required by law." § 59A-57-10(B) (emphasis added). In other words, while Section 59A-57-9(C) provides third party beneficiary rights to individual enrollees *in general*, Section 59A-57-10 limits the applicability of the PPA to the enrollees in the *Medicaid* program—as opposed to those of privately administered medical plans.

The Court is therefore forced to agree with MCO Defendants that HSD's "sole authority to . . . enforce . . . the scope . . . of Medicaid benefits" implies that HSD may indeed contractually bar individuals from enforcing third-party beneficiary rights to approved Medicaid services against MCOs.[1] *See* § 59A-57-10(B). Plaintiffs cite *O.B. v. Norwood*, 838 F.3d 837 (7th Cir. 2016), for the proposition that medically fragile children may enforce their right to in-home nursing services under the federal Medicaid Act. ECF No. 48 at 12. However, as MCO Defendants note, MCOs were not defendants in

---

[1] The Court makes no finding at this time as to Defendant HSD's authority to contractually disclaim its *own* liability to third-party beneficiaries. Such a reading of the statute might indeed swallow the rule. *See* N.M. Stat. Ann. §§ 59A-57-9(C) (1978) (providing third-party beneficiary rights to enrollees), 59A-57-10(A) (stating that Medicaid enrollees have equal rights to other enrollees); *State v. Davis*, 74 P.3d 1064, 1067 (N.M. 2003) (a "statute is to be construed according to its obvious spirit or reason" where literal adherence would lead to "injustice, absurdity or contradiction").

*Norwood*, which was brought on behalf of Medicaid-eligible children in in Illinois.[2] ECF No. 56 at 13 n.6. The case is therefore irrelevant to the instant question of an enrollee's rights as a third-party beneficiary under New Mexico law.

Plaintiffs also argue that their suit does not "usurp HSD's enforcement discretion," as HSD may still bring its own action. ECF No. 48 at 13. The Court finds, however, that even if allowing third-party suits in spite of HSD's contractual disclaimer would not take away from HSD's *general* authority to manage Medicaid benefits, under the plain meaning of the statute, it would certainly infringe on its *sole* authority to enforce them. To the extent that Plaintiffs argue the New Mexico legislature did not intend this result, it remains to the legislature to alter the statute. *See id.* at 16; *State v. Davis*, 74 P.3d 1064, 1067 (N.M. 2003) ("[S]tatutes are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction . . . ."). The Court therefore finds that, taking all of Plaintiffs' allegations as true, the statute does not invalidate the contracts' third-party beneficiary disclaimer, and Plaintiffs have failed to state a claim as to their right to third-party enforcement against MCO Defendants.

The Court is thus constrained by statute to grant MCO Defendants' Motion and dismiss Plaintiffs' second, third and fourth causes of action. The Court will also dismiss Plaintiffs' first cause of action as to MCO Defendants only. Because the Court will dismiss Plaintiffs' claims against MCO Defendants on these grounds, the Court will not address

---

[2] The Court makes no finding at this time as to MCO Defendants' liability to Defendant HSD.

MCO Defendants' other arguments. There being no remaining claims against the MCO Defendants, the Court will dismiss the MCO Defendants from the case.

Given the apparent urgency of the case against the remaining Defendants,[3] however, the Court will instruct the parties to immediately meet and confer as to the possibility of an expedited discovery schedule. Additionally, the Magistrate Judge shall set a Rule 16 Scheduling Conference as soon as possible.

## CONCLUSION

For the foregoing reasons, MCO Defendants' Motion to Dismiss, ECF No. 21, is hereby **GRANTED.**

---

[3] As explained by the District of New Mexico in *JL v. New Mexico Department of Health*, however, the Medicaid statute

> provide[s] that all individuals must be permitted to apply for medical assistance; *such assistance must be furnished with reasonable promptness to all eligible individuals*; and the state *must provide an opportunity for a fair hearing* to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness. Indisputably, these provisions create law that is binding on those states that choose to accept Medicaid funding

165 F. Supp. 3d 1048, 1063 (D.N.M. 2016) (construing 42 U.S.C. § 1396) (emphasis added). Here, as in *Norwood*, Plaintiffs claim they have been approved for medically necessary private duty nursing services, but are simply not being provided with these hours, in violation of the law. ECF No. 1 at 24–25, 27–28, 29–30. Indeed, Plaintiffs and MCO Defendants appear to agree that a small, high-need group of New Mexican families are not receiving the full number of in-home nursing services their medically fragile children were approved for. ECF Nos. 21 at 16; 48 at 29.

Plaintiffs further allege the administrative appeals process, as it is actually available to them, is futile, and that as a result of the Defendants' inaction, numerous disabled children face life-threatening conditions and isolation on a daily basis. ECF No. 1 at 25–28, 30–31; *see also* ECF No. 48 at 15. The Court thus notes that Plaintiffs' case against HSD appears to strongly resemble the situation in *Norwood*, in which the Seventh Circuit affirmed the granting of a motion for preliminary injunction as against the state agency itself. The state agency's protestation of a nursing shortage is a fig leaf. *Norwood*, 838 F.3d at 843 (noting, in response to the state agency's protestations of a nursing shortage, that "where the Medicaid Act refers to the provision of services, a participating State is required to provide (or ensure the provision of) services, not merely to pay for them").

**IT IS THEREFORE ORDERED** that Plaintiff's First Cause of Action is dismissed with prejudice as to the MCO Defendants only. To the extent that this requires a declaratory judgment, the Court declares that the contracts' challenged exclusionary terms are not invalid as they pertain to Plaintiffs' claims against the MCO Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Second, Third, and Fourth Causes of Action are dismissed with prejudice in their entirety. Therefore, the MCO Defendants are dismissed as parties from the present lawsuit.

**IT IS FURTHER ORDERED** that the remaining parties shall meet and confer regarding discovery, including the possibility of adopting an expedited discovery schedule of no more than 120 days, on or before **November 10, 2022**.

**IT IS FINALLY ORDERED** that the remaining parties shall file a joint status report regarding proposed discovery deadlines on or before **November 18, 2022**. These parties may continue to engage in limited discovery as authorized by the Court's prior order, ECF No. 62, during this time.

**IT IS SO ORDERED.**

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE