UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

M.G., a minor, et al.,

        Plaintiffs,

v.                    No. 1:22-CV-00325 MS/GJF

DAVID SCRASE, et al.,

        Defendants.

_____

**OPPOSED MOTION TO DIRECT FINAL JUDGMENT AS TO PLANTIFFS' FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF PURSUANT TO FED. R. CIV. P. 54(B)**
_____

COME NOW Plaintiffs M.G., C.V., A.C., and Disability Rights New Mexico Inc. and hereby ask this Court to direct final judgment as to Plaintiffs' first, second, third, and fourth claims for relief and certify, this Court's Order [Doc. 77] Granting Defendants' Motion to Dismiss [Doc. 21] filed jointly by Defendants Western Sky Community Care, Inc., HCSC Insurance Services Company operating as Blue Cross and Blue Shield of New Mexico, and Presbyterian Health Plan, Inc. (collectively "MCO Defendants"). In support thereof, Plaintiffs state the following:

1. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint on April 28, 2022. [Doc. 1]. The Complaint alleged multiple separate claims against multiple Defendants pursuant to separate theories of liability, separate facts, legal standards, and remedies. In the first cause of action, Plaintiffs sought declaratory relief that the disclaimer of third-party beneficiary rights under MCO Defendants'

services contract with the New Mexico Human Services Department ("HSD"), was in contravention of the New Mexico Patient Protection Act ("PPA") under NMSA § 59A-57-9 (C), and is "illegal, unconscionable, and made without legal authority[.]" *See* Doc.1, ¶174. In the second, third, and fourth causes of action, Plaintiffs asserted third-party beneficiary claims against each of the MCO Defendants for breach of contract, respectively, and seeking declaratory relief, injunctive relief, nominal damages, and punitive damages.[1] Each breach of contract claim asserts that MCO Defendants breached their contracts to deliver medically necessary private duty nursing services to Plaintiffs and putative subclasses.[2] Each claim also alleged contractual breaches for MCO Defendants' failure to adhere to the Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794; the Americans with Disabilities Act, 42 U.SC. 12101 *et seq.*, and regulations issued pursuant thereto, 28 C.F.R.s § 35 and § 36; and the Patient Protection and Affordable Care Act.[3]

      MCO Defendants jointly filed their Motion to Dismiss on July 15, 2022 [Doc. 21].

      On October 27, 2022, the Court granted MCO Defendants' Motion to Dismiss [Doc.77]. The Court's order specified that the first cause of action was dismissed with prejudice as to MCO Defendants only, while the second, third, and fourth causes of action were dismissed in their entirety with prejudice. *See* Doc.77, p.11. Accordingly, the Court ordered MCO Defendants to be dismissed as parties to the lawsuit. *Id.* Evincing the distinct legal and factual issues presented by Plaintiffs, the Court discussed the applicability of the PPA to Medicaid beneficiaries, such as plaintiffs and putative class, and the limits of its authority to confer enforcement rights to

---

[1] *See* Doc 1. ¶¶176-187 (Second Cause of Action against Defendant HCSC Insurance Services Company operating as Blue Cross and Blue Shield of New Mexico); Doc 1. ¶¶188-199 (Third Cause of Action against Defendant Presbyterian Health Plan Inc.); Doc 1. ¶¶200-211 (Fourth Cause of Action against Defendant Western Sky Community Care Inc.).
[2] *Id.*
[3] *See* Doc 1. ¶¶183-184; Doc 1. ¶¶195-196; Doc.1 ¶¶ 207-208.

enrollees in Managed Care Organizations. *See* Doc.77, p.7-9. It was clear from the Court's analysis that the legal and statutory basis of the state law claims against MCO Defendants involved a different legal calculus from Plaintiffs' other claims against Defendants HSD and its Secretary David Scrase (collectively, "State Defendants"). *Id*. The only claims that remain are the declaratory judgment claim with respect to State Defendants only, a breach of contract claim against State Defendants, and federal law claims against State Defendants. Doc.77, p.11. The Court also lifted the stay on discovery as moot, and allowed discovery between remaining parties. *Id*.

2. **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) states in relevant part that:

> When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is *no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Pro. 54(b) (emphasis added).

"Certification under Rule 54(b) is a two-step process. Initially, the district court must determine that the judgment is final. The judgment must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (internal quotation omitted) (citing *Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460 (1980)).

"Second, the district court must determine that there is no just cause for delay." *Id.* In doing so, courts must balance "Rule54(b)'s policy of preventing piecemeal appeals against the

hardship or injustice that might be inflicted on a litigant because of the delay." *Id.* Courts should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

The granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). "[T]he purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

3. **ARGUMENT**

    A. **Finality**

To be considered "final" an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

> For purposes of Rule 54(b), a claim comprises "all factually or legally connected elements of a case," but there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not. This distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal.

*Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (internal citations omitted).

The Court's order was an ultimate disposition of Plaintiffs' claims against MCO Defendants. Pursuant to Rule 12(b)(6), the Court dismissed all claims against MCO Defendants, with prejudice, removing MCO Defendants from the case entirely. Accordingly, the separate

4

adjudication of claims against MCO Defendants demonstrates that the claims against MCO Defendants and State Defendants are exclusive from one another. Additionally, remaining claims against State Defendants have not been stayed following the dismissal of MCO Defendants, further showing that separate recovery is possible against State Defendants while an appeal as to MCO Defendants' claims is proceeding. Importantly, while the claims against MCO Defendants and State Defendants arise from a common nucleus of operative facts, Plaintiffs' factual assertions against MCO Defendants pertain solely to their contractual responsibilities, independent of the contractual obligations of State Defendants. *See Waltman v. Georgia-Pac., LLC*, 590 Fed. Appx. 799, 811 (10th Cir. 2014) (*"*More to the point, we ask whether *identical* factual questions and common legal issues give rise to the purportedly discrete claims and whether separate recovery is possible." (internal quotation marks omitted) (emphasis added)). Accordingly, should subsequent appeals occur in this case, they would not be re-litigating the issue of the PPA's applicability to the contract's disclaimer of Plaintiffs' third-party beneficiary rights against MCO Defendants—a separate and distinct issue from the claims against State Defendants. Moreover, Plaintiffs sought monetary relief, in the form of nominal and punitive damages, from MCOs, as separate recovery from the non-monetary relief sought against State Defendants.

### B. No Just Reason for Delay

Because there is no risk that the 10th Circuit would be forced to hear piecemeal or duplicative appeals on the Court's findings regarding the applicability of the PPA to MCO Defendants, the Court is within its sound discretion to certify its decision without delay. The claims against State Defendants may be in litigation for quite some time as it is still relatively early in the case, prior to class certification, and discovery is in its beginning stages. While the

Court has set a Status Conference to discuss the parties' interest in a Court-facilitated settlement conference, the outcome of this remains uncertain. Should Plaintiffs succeed on their appeal as to their claims against the MCO Defendants only *after* the conclusion of their claims against State Defendants—at an uncertain time— the Court would be left with the possibility of a second trial or dispositive hearing as to the MCOs, involving much of the same evidence and witnesses. Allowing an appeal now reduces this risk of administrative burden to the Court, burden to litigants, and burden to witnesses. Plaintiffs, who suffer from complex medical conditions with unpredictable symptoms, would be harmed by waiting an indefinite time, possibly years, to take up their appeal against MCO Defendants. The Court is within its sound discretion to certify its decision regarding claims against MCO Defendants.

4. **CERTIFICATION PURSUANT TO D.N.M.L.Civ.R 7.1(a)**

Counsel for Plaintiffs certify that they have conferred with counsel for all defendants, and all defendants oppose this motion.

5. **CONCLUSION**

For the reasons stated herein, Plaintiffs request that this Court grant their motion, direct final judgment as to Plaintiffs' first cause of action with respect to MCO Defendants, direct final judgment as to Plaintiffs' second, third, and fourth causes of action, and certify this Court's Order Granting MCO Defendants' Motion to Dismiss [Doc.77].

Respectfully submitted,

DISABILITY RIGHTS NEW MEXICO

/s/ *Maxwell Kauffman*
Maxwell Kauffman
Laurel Nesbitt
Jason C. Gordon
Jesse D. Clifton
Holly J. Mell
3916 Juan Tabo Blvd., NE
Albuquerque, NM 87111
(505) 256-3100
(505) 256-3184 (Fax)

*Attorneys for Disability Rights New Mexico*
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed through the Court's CM/ECF filing system on the date of this filing and all counsel of record will receive notice of this filing through the Court's CM/ECF filing system.

/s/ *Maxwell Kauffman*
**Maxwell Kauffman**