IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through
her mother, Christina Garcia, et al.,

    Plaintiffs,

v.                                                       Civ. No. 1:22-cv-00325 MIS/GJF

DAVID SCRASE, in his official capacity
as Secretary for the Human Services
Department of New Mexico, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court on Plaintiffs' Motion for Preliminary Injunction ("Motion"), ECF No. 59. Defendants David Scrase and the State of New Mexico Human Services Department ("HSD") responded, and Plaintiffs replied. ECF Nos. 48, 56. The parties also stipulated to submit additional briefing, which Plaintiffs have since submitted. ECF Nos. 91, 103, 135. Having considered the parties' submissions, the evidence presented and arguments made at the motion hearing held on November 4, 2022, and the relevant law, the Court will **DENY** the Motion.

## BACKGROUND

Plaintiffs are ill children who are "medically fragile" under the Medicaid program, as each has "a life threatening condition characterized by reasonably frequent periods of acute exacerbation, which require frequent medical supervision or physician consultation and which, in the absence of such supervision or consultation, would require hospitalization." Medically Fragile Home and Community-Based Services Waiver, N.M.

Human Servs. Dep't, 8.314.3.12(B)(1) NMAC; *see generally* ECF No. 1. Plaintiffs' claims arise out of Defendants' alleged failure to provide them with adequate hours of private nursing services, despite Plaintiffs' having previously been approved for a certain number of hours by New Mexico's Medicaid program. ECF Nos. 1 at 2, 8; 48 at 2. Plaintiffs filed their Complaint on April 28, 2022, alleging that Defendants' failure to ensure that all medically necessary private nursing hours are provided exposes them to "unnecessary isolation"—as their families are not able to take them outside the home without such assistance—and "the risk of institutionalization or hospitalization," in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Patient Protection and Affordable Care Act. *Id.* at 5.

On October 7, 2022, Plaintiffs filed their Motion, asking that the Court enter a preliminary injunction requiring Defendants to provide them with adequate private duty nursing hours. ECF No. 59 at 1. In particular, Plaintiffs ask that the Court grant a preliminary injunction "[o]rder[ing] State Defendants to return the administration of the [Early Periodic Screening Diagnosis and Treatment] Program to the *status quo* that existed prior to the failure by HSD to provide the services mandated by the Individual Services Plans for Plaintiffs and the Plaintiff class" and "[o]rder[ing] State Defendants to furnish and fulfill authorized private-duty nursing hours, directly or through referral to appropriate agencies, organizations, or individuals, to Plaintiffs and Class members . . . ." *Id.* at 27. Plaintiffs also request attorney's fees. *Id.*

## LEGAL STANDARD

A party seeking preliminary injunctive relief pursuant to Federal Rule of Civil Procedure ("Rule") 65(a) must establish (1) a substantial likelihood of success on the

2


merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The issuance of preliminary injunctive relief is within the sound discretion of the district court. *See Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986). Every order granting a preliminary injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C).

## DISCUSSION

Plaintiffs maintain they have a substantial likelihood of success on the merits. ECF No. 59 at 17. Plaintiffs also contend that, in the absence of their requested relief, they will suffer irreparable injury that outweighs any prejudice to Defendants, as they continuously "live on the edge of a medical crisis, with the result that even minor variations in their condition may have disastrous consequences." *Id.* at 14. Plaintiffs allege they are currently suffering from ongoing isolation in the home and an ongoing risk of institutionalization. *Id.* at 14, 16. Plaintiffs argue that there is no prejudice to Defendants because there is no dispute as to the eligibility of Plaintiffs for the services they are not receiving. *Id.* at 16. For similar reasons, Plaintiffs contend that a preliminary injunction would not be adverse to the public interest. *Id.* at 17. Plaintiffs also argue that their requested preliminary injunction does not disturb the status quo because the "uncontested status quo relationship of the parties is Plaintiffs' eligibility for the services

and supports indicated in their Individual Service Plans, before HSD's failure to provide the care with reasonable promptness." *Id.* at 13.

Defendants maintain that Plaintiffs have not shown they are likely to succeed on the merits and that the Court should consider granting a preliminary injunction only as to the individual Plaintiffs, as no class has been certified in this case. ECF No. 85 at 1, 12. Defendants contend that to date, Plaintiffs have *not* been irreparably harmed by the lack of hours, and that this deficit results from a well-documented nursing shortage that is out of Defendants' control. *Id.* Defendants also allege that Plaintiffs cannot demonstrate prejudice and that the public interest mitigates against the preliminary injunction. *Id.* Defendants argue that the Plaintiffs' request for a preliminary injunction should be denied, as it consists of a disfavored mandatory injunction, rather than maintenance of the status quo. *Id.* at 1. Finally, Defendants argue that Plaintiffs' requested injunction is impermissibly vague. *Id.* at 5.

**I.      Whether Plaintiff's Originally-Requested Injunction is Impermissibly Vague**

Plaintiffs ask that the Court to "[o]rder State Defendants to return the administration of the [Early Periodic Screening Diagnosis and Treatment] Program to the status quo that existed prior to the failure by HSD to provide the services mandated by the Individual Services Plans for Plaintiffs and the Plaintiff class" and "furnish and fulfill authorized private-duty nursing hours, directly or through referral appropriate agencies, organizations, or individuals, to Plaintiffs and Class members . . . ." ECF No. 59 at 27.

"[G]enerally, injunctions simply requiring the defendant to obey the law are too vague." *Keyes v. Sch. Dist. No. 1*, Denver, Colo., 895 F.2d 659, 668 (10th Cir. 1990). This

is because, at least in part, a "sweeping injunction to obey the law" does not adequately inform a defendant of her obligations. *Swift & Co. v. United States*, 196 U.S. 375, 401 (1905). In order to satisfy Rule 65, the language of a preliminary injunction must be specific enough for the Court to determine whether there is compliance. *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 606 (10th Cir. 2008).

Defendants argue that Plaintiffs' proposed injunction lacks the specificity required by Rule 65, and that the method of providing adequate private-duty nursing hours to Plaintiffs "in the face of a widely acknowledged shortage of suitably skilled nurses" is not at all obvious. ECF No. 85 at 5. Defendants contend that, as written, the proposed injunction

> essentially orders [] HSD to solve a complex problem of labor supply and demand, and medical economics, without providing any concrete instructions for accomplishing the task . . . [and] without considering the impact of such a mandate on [] [their] other obligations . . . or whether compliance with the injunction is even possible.

*Id*. at 6. As discussed below, the Court agrees.

Plaintiff compares its requested injunction with that which was upheld in *Keyes*, 895 F.2d at 670, prohibiting the continuation of racial segregation in a school system. ECF No. 135 at 5. In *Keyes*, however, the 782-word "interim decree" injunction included detailed requirements such as consideration of "specific data showing the effect of [proposed] changes on the projected racial/ethnic composition of the student enrollment in any school affected by the proposed change," instructions specifying transfer procedures, and the use of an affirmative action hiring plan to diversify its staff. 895 F.2d at 669 n.5. Additionally, the court in *Keyes* did strike down section four of the interim decree, stating that it did "no more than require the district to obey the law." *Id*. at 668.

5

Finally, the lengthy instructions in the interim decree in *Keyes* took into account the "available labor force." *Id.* at 669 n.5.

Here, the parties agree that Defendants have contracted with entities to fulfill all the hours to which Plaintiffs are entitled. *See* ECF Nos. 1 at 2; 85 at 10. Neither party disputes that there are unique market pressures facing the medical system in the wake of the pandemic. ECF Nos. 59-11 at 2; 109 at 160-161; 85 at 20. The original language of Plaintiffs' requested injunction, however, does not take into account either market factors or the steps Defendants have already taken to fulfill their legal obligations. ECF No. 59 at 27. While the Court agrees with Plaintiffs that "this Court is not required to pre-determine every act required to be performed by Defendants to ensure Plaintiff children are not irreparably harmed during the pendency of this matter," ECF No. 135 at 6, the Court finds that the language of Plaintiffs' proposed injunction runs afoul of Rule 56 in that it is overly vague. The Court will therefore decline to impose Plaintiffs' proposed original injunction.

**II.    Plaintiff's Request for Modified Injunction**

Plaintiffs, after the close of the evidentiary presentations at the motion hearing held on November 4, 2022, provided the Court and Defendants with an alternative to its requested relief. *See* ECF Nos. 109 at 185–186; 135-2. Defendants objected on due process grounds, as the modification was not presented in Plaintiffs' earlier briefing, and Plaintiffs did not otherwise alert Defendants to their proposed modification until after the close of evidentiary presentations at the hearing. ECF No. 109 at 187.

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "The notice required by Rule 65(a) before a preliminary injunction

6

can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 432 n. 7 (1974).

Plaintiffs argue that amendment of their proposed injunction at the end of the evidentiary hearing on their Motion did not violate due process, as Defendants were generally aware of their request for equitable relief. ECF No. 135 at 8–9. Plaintiffs also contend that the Court has the discretion to modify Plaintiffs' proposed injunction at this stage of the proceedings. *Id*. at 9. The Court agrees, but declines to exercise such discretion in the instant case, where Plaintiffs' proposed modification was presented at the end of an evidentiary hearing with no prior notice to Defendants or the Court. *See* ECF No. 109 at 186–187. The Court finds that consideration of the modified language would be inequitable in light of the Defendants' inability to either address it in the original briefing on the Motion or present relevant evidence in their defense at the November 4, 2022, motion hearing. The Court will therefore deny Plaintiffs' Motion in its entirety.

Although the modified language appears more narrowly tailored, the Court will not consider it without due process. To the extent that Plaintiffs may renew their motion for preliminary injunction with more narrowly tailored language, the Court will consider such motion provided that Plaintiffs first meet and confer in good faith with Defendants at least seven (7) days prior to the filing of any renewed motion, and serve such proposed injunction on Defendants at least fourteen (14) days prior to the filing of any renewed motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction, ECF No. 59, is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE