IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through
her mother, Christina Garcia, et al.,

    Plaintiffs,

v.                                                             No. 1:22-cv-00325 MIS/GJF

DAVID SCRASE, in his official capacity
as Secretary for the Human Services
Department of New Mexico, et al.,

    Defendants.

## ORDER DIRECTING BRIEFING

**THIS MATTER** is before the Court upon review of Plaintiffs' Second and Revised Opposed Motion for Preliminary Injunction. ECF No. 150.

The Court notes that the Tenth Circuit previously endorsed an alternate standard that relaxed the likelihood of success requirement when the other three factors tipped strongly in the movant's favor. *See*, *e.g.*, *Oklahoma ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc.*, 455 F.3d 1107, 1113 (10th Cir. 2006). However, the Tenth Circuit abrogated this standard *seven years ago*, in 2016, announcing that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016).

Plaintiffs' Motion is the second time Plaintiffs have impermissibly cited to the same overruled authority relaxing the standard to this Court.[1] *See* ECF Nos. 150 at 15-16; 59

---

[1] For the sake of completeness, the Court notes that Defendants improperly relied upon a court's summary of one party's brief in their prior Reply in Support of Motion to Seal, for the proposition that HIPAA requires the entry of a confidentiality order as the holding of the Court, instead of relying upon

at 17. Plaintiffs shall not rely on this authority in the future and shall address, in their Reply, the current test for a preliminary injunction in the Tenth Circuit. Counsel for both parties are instructed to refrain from making misleading statements to the Court, or the Court may impose immediate sanctions without further notice.

Additionally, in the interest of the just and efficient resolution of this case, **IT IS HEREBY ORDERED** that the parties address the following concerns in their briefing of the Motion:

1. How many private duty nursing hours do the named plaintiffs require per week, and how many hours are they currently receiving per week? The parties shall disaggregate the hours, **including a breakdown of private duty nursing hours versus home care hours** which can be provided by home health aides or other professionals.[2]

2. Has the Fair Hearing process now taken place as to the named plaintiffs? If not, does that pose a true hurdle to the successful resolution of this case, given the alleged lack of adverse decision notices, as well as Defendants' position that, in any event, there are simply not enough nurses to provide the approved hours?

3. What steps, if any, have Defendants taken to comply with the statute by providing the approved hours, particularly in light of the upcoming end of the

---

either the logic or the holding of any court. ECF No. 95 at 3; *see Tanner v. McMurray*, 405 F.Supp.3d 1115, 1146 (D. N.M. 2019) (Browning, J., quoting defendant's brief verbatim in summarizing the parties' arguments).

[2] The Court understands that Plaintiffs allege the hours provided to M.G. have recently fluctuated, but the Court nonetheless requires updated information in order to consider awarding the requested relief.

    national COVID-19 emergency? What steps have Defendants taken to communicate any shortfall in private duty nursing hours to its managed care organizations ("MCOs"), and to enforce its contracts with the same?

4. To the extent Defendants contend Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") budgets are subject to constant change, on the basis of what document may Medicaid recipients sue under the statute? What document determines Plaintiffs' rights if not the EPSDT budget?

5. Are appropriately trained traveling nurses available who would be qualified to provide private duty nursing hours for the named plaintiffs?

6. Is impossibility a defense, as a matter of law, to the statutory violation? If so, how do Plaintiffs intend to overcome that defense?

**IT IS FURTHER ORDERED** that the parties shall work together to provide copies of Plaintiffs' EPSDT budgets, and any other documents Defendants contend govern the Plaintiffs' eligibility for private duty nursing hours, to the Court **by March 20, 2023.**

**IT IS FINALLY ORDERED** that Plaintiffs shall produce to the Court and Defendants **by March 20, 2023** the MCO pay scales for private duty nursing hours, and Medicaid reimbursement rates, in addition to addressing Plaintiffs' arguments regarding *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320 (2015) and the availability of State Treasury general funds. In the event that Defendants, or any interested third parties, contends these documents are confidential, privileged, or otherwise protected, they may file a motion to quash in part or stipulate with Plaintiffs to any mutually agreed-upon protections which the parties deem appropriate.

**IT IS SO ORDERED.**

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE