IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through
her mother Christina Garcia, et al.,

    Plaintiffs,

v.  No. 1:22-cv-00325 MIS/GJF

DAVID SCRASE, in his official capacity
as Secretary for the Human Services
Department of New Mexico, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

THIS MATTER is before the Court on Plaintiffs' Motion to Amend Complaint and Memorandum in Support Thereof ("Motion"), ECF No. 64. Defendants David Scrase[1] and the New Mexico Human Services Department ("State Defendants") responded, and Plaintiffs replied. ECF Nos. 94, 106. Having considered the parties' submissions and the relevant law, the Court will **DENY** the Motion without prejudice.

### BACKGROUND

Plaintiffs are ill children who have been found to be "medically fragile" under the Medicaid program, as each has "a life threatening condition characterized by reasonably frequent periods of acute exacerbation, which require frequent medical supervision or physician consultation and which, in the absence of such supervision or consultation, would require hospitalization." Medically Fragile Home and Community-Based Services Waiver, N.M. Human Servs. Dep't, 8.314.3.12(B)(1) NMAC; *see generally* ECF No. 1.

---

[1] Since the filing of the Complaint, David Scrase has been replaced in his role at New Mexico Human Services Department by Acting Secretary Kari Armijo. *See* ECF No. 176 at 1 n.1.

Plaintiffs' claims arise out of Defendants' alleged failure to provide them with adequate hours of private nursing services, despite Plaintiffs' having previously been approved for a certain number of hours by New Mexico's Medicaid program. ECF Nos. 1 at 2, 8; 48 at 2.

Plaintiffs filed the Complaint on April 28, 2022, alleging that Defendants' failure to ensure that all medically necessary private nursing hours are provided exposes them to "unnecessary isolation," as their families are not able to take them outside the home without such assistance, and "the risk of institutionalization or hospitalization," in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Patient Protection and Affordable Care Act. *Id.* at 5.

On July 5, 2022, State Defendants filed their Answer. ECF No. 18. On July 15, 2022, Defendants Presbyterian Health Plan, Inc., HCSC Insurance Services Company, and Western Sky Community Care, Inc. ("MCO Defendants") filed a Motion to Dismiss. ECF No. 21. On October 27, 2022, the Court granted the Motion to Dismiss and dismissed Plaintiffs' claims against MCO Defendants. ECF No. 77.

On October 19, 2022, prior to the dismissal of the MCO Defendants from the case, Plaintiffs filed the instant Motion, seeking leave to amend their Complaint "to claim an additional cause of action against [S]tate [D]efendants . . . pursuant to violations of the Reasonable Promptness Provision of the federal Medicaid Act, 42 U.S.C. § 1396a(a)(8)." ECF No. 64 at 1–2. The proposed Amended Complaint included Plaintiffs' claims against MCO Defendants. *Id.* at 37–46.

**LEGAL STANDARD**

A plaintiff who seeks to amend his complaint more than twenty-one days after service of the complaint must obtain either written consent from the opposing parties or leave of the court.[2] Fed. R. Civ. P. 15(a)(1)–(2). "Courts are supposed to give leave to amend 'freely . . . when justice so requires.'" *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(2)). After all, "Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than procedural niceties." *Id.* at 755 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)) (internal quotation marks omitted).

The decision to grant leave to amend "lies within the district court's discretion." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment . . . ." *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Plaintiffs seek to amend their Complaint, stating that amendment would not be prejudicial to Defendants. ECF No. 64 at 3. State Defendants, meanwhile, oppose amendment inasmuch Plaintiffs' proposed Amended Complaint includes claims against

---

[2] Federal Rule of Civil Procedure 16's additional requirement that the plaintiff demonstrate good cause to amend the complaint does not apply here, because the Court had not yet entered a scheduling order setting amendment deadlines when Plaintiffs filed their Motion. *See* Fed. R. Civ. P. 16(b)(4); *see also* ECF No. 82.

3

MCO Defendants, which have since been dismissed. *See generally* ECF No. 94; *see also* ECF No. 64 at 37–46.

Bizarrely, Plaintiffs, in their Reply, assert that Defendants "have not articulated a single *Foman* factor weighing in their favor to deny the motion to amend." ECF No. 106 at 1. In *Foman v. Davis*, the Supreme Court listed various factors that weigh against granting leave to amend, including futility. 371 U.S. 178, 182 (1962). In fact, Defendants argue against granting amendment due to futility, given the Court's earlier ruling. ECF No. 94 at 1.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). The Court finds that Plaintiffs' proposed amendment would indeed be futile, as Plaintiffs' proposed Amended Complaint includes claims against MCO Defendants that this Court has already determined would not be viable. *See* ECF Nos. 64 at 37–46; 77 at 11. Plaintiffs do not argue otherwise and fail to address Defendants' futility argument. *See* ECF Nos. 64, 106; *see also* D.N.M.LR-Civ 7.1(b). Instead, Plaintiffs, in their Reply, request that the Court "grant the motion for leave to amend, and subsequently enter an order dismissing claims against MCOs by reference to the Court's order on their motion to dismiss." ECF No. 106 at 3. Plaintiffs request such relief in order to preserve their rights on appeal, given the Tenth Circuit's holding in the footnote of an unpublished case. *Id.* at 3 (citing *Nelder v. Worley*, 616 F. App'x 397, 397 n.1 (10th Cir. 2015)).

The Tenth Circuit has stated that "a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve

4

those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991). However, in *Nelder*, the Tenth Circuit held in a footnote that it would not consider the appeal as to defendants who were omitted from the plaintiff's amended complaint, as "an amended complaint ordinarily supersedes the original and renders it of no legal effect." 616 F. App'x at 397 (quoting *Davis*, 929 F.2d at 1517).

The Court finds persuasive the logic of the District of Kansas in reconciling *Davis* and *Nelder*:

> *Nelder* does not specifically indicate whether the district court dismissed the claim(s) in question or whether the plaintiff simply omitted them from his amended complaint. A footnote says that both defendants at issue were "named as defendants in Nelder's original complaint; but they were omitted from his amended complaint." Additionally, the Court of Appeals in *Nelder* does not overrule *Davis*. Nor does it distinguish its ruling from *Davis*. Instead it simply finds that, if a plaintiff excludes a defendant from an amended complaint, the claim and rights to appeal are lost as to him.

*Robinson v. Wichita State Univ.*, No. 16-2138-DDC-GLR, 2018 WL 3369443, at *2 (D. Kan. July 10, 2018). Indeed, the Tenth Circuit has specifically stated elsewhere that "[w]hen a claim has been dismissed on the merits, a party may file an amended complaint omitting that claim without waiving an appellate challenge to the dismissal." *Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 823–24 (10th Cir. 2010) (unpublished); *see also Horocofsky v. City of Lawrence, Kansas*, No. 20-2529-EFM, 2023 WL 2140143, at *5 (D. Kan. Feb. 21, 2023) ("There is simply no basis for believing that *Nelder* thus requires what *Davis* expressly disavows: a ritualistic charade in which the plaintiff must again include previously-adjudicated claims against a dismissed party, with the inevitable renewed

5

motion to dismiss, followed by yet another order dismissing that party."). The Court will therefore deny Plaintiffs' request.

Defendants suggest that Plaintiffs "redraft the proposed amended complaint to eliminate the MCOs and the second, third and fourth causes of action in their entirety and plead the first cause of action only against HSD . . . ." ECF No. 94 at 2; *see also* D.N.M.LR-Civ 7.1(b). The Court finds that this proposed revision would accurately reflect the Court's earlier ruling. *See* ECF No. 77 at 11. Therefore, the Court will extend the deadline for a second motion to amend the Complaint, which was previously set as February 8, 2023. ECF No. 141 at 1.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint, ECF No. 64, is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiffs to move to amend pleadings and/or join additional parties shall be extended to **April 28, 2023.**

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE