**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

M.G., a minor and through
her mother Christina Garcia, et al.,

    Plaintiffs,

v.                                                                                           No. 1:22-cv-00325 MIS/DLM

DAVID SCRASE, in his official capacity
as Secretary for the Human Services
Department of New Mexico, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO DIRECT FINAL JUDGMENT**

THIS MATTER is before the Court on Plaintiffs' Opposed Motion to Direct Final Judgment as to Plaintiffs' First, Second, Third and Fourth Claims for Relief Pursuant to Fed. R. Civ. P. 54(B) ("Motion"), ECF No. 112. Defendants David Scrase[1] and the New Mexico Human Services Department ("State Defendants") responded, as did now-dismissed Defendants Presbyterian Health Plan, Inc., HCSC Insurance Services Company, and Western Sky Community Care, Inc. ("MCO Defendants"). ECF Nos. 121, 123. Plaintiffs filed separate replies to each response. ECF Nos. 128, 129. Having considered the parties' submissions and the relevant law, the Court will **DENY** the Motion.

**BACKGROUND**

Plaintiffs are ill children who have been found to be "medically fragile" under the Medicaid program, as each has "a life threatening condition characterized by reasonably frequent periods of acute exacerbation, which require frequent medical supervision or

---

[1] Since the filing of the Complaint, David Scrase has been replaced in his role at New Mexico Human Services Department by Acting Secretary Kari Armijo. *See* ECF No. 176 at 1 n.1.

physician consultation and which, in the absence of such supervision or consultation, would require hospitalization." Medically Fragile Home and Community-Based Services Waiver, N.M. Human Servs. Dep't, 8.314.3.12(B)(1) NMAC; *see generally* ECF No. 1. Plaintiffs' claims arise out of Defendants' alleged failure to provide them with adequate hours of private nursing services, despite Plaintiffs' having previously been approved for a certain number of hours by New Mexico's Medicaid program. ECF Nos. 1 at 2, 8; 48 at 2. Delivery of New Mexico's Medicaid services is implemented by three managed care organizations—MCO Defendants—with whom the State Defendants have three identical contracts. ECF No. 1 at 17, 20.

Plaintiffs filed their Complaint on April 28, 2022, alleging that Defendants' failure to ensure that all medically necessary private nursing hours are provided exposes them to "unnecessary isolation," as their families are unable to take them outside the home without such assistance, and "the risk of institutionalization or hospitalization." *Id.* at 5. Plaintiffs' nine original counts included a claim for declaratory relief, third-party beneficiary breach of contract claims against both groups of Defendants, and violations of federal law including the Americans with Disabilities Act, the Rehabilitation Act, and the Patient Protection and Affordable Care Act. ECF No. 1 at 31–48; ECF No. 77 at 11.

On July 5, 2022, State Defendants filed their Answer. ECF No. 18. On July 15, 2022, MCO Defendants filed a Motion to Dismiss in lieu of an answer. ECF No. 21. On October 27, 2022, the Court granted the Motion to Dismiss and dismissed all of Plaintiffs' claims against MCO Defendants. ECF No. 77. In particular, the Court partially dismissed Plaintiffs' first cause of action, holding the contracts' third-party beneficiary disclaimers effective as to MCO Defendants. *Id.* at 11. The Court also dismissed Plaintiffs' second,

third, and fourth causes of action in their entirety, and therefore dismissed the MCO Defendants from this case. *Id.* Plaintiffs' claims against State Defendants remain pending, including a third-party beneficiary claim for breach of contract as against State Defendants, a related claim for declaratory judgment with respect to Plaintiffs' rights under the New Mexico Patient Protection Act, and their federal law claims. ECF No. 1 at 31–48; ECF No. 77 at 11.

On November 16, 2022, Plaintiffs filed the instant Motion, asking the Court to direct final judgment as to Plaintiffs' first, second, third, and fourth claims for relief against MCO Defendants and certify its order as eligible for immediate appeal under Federal Rule of Civil Procedure ("Rule") 54(b), although their claims against State Defendants remain pending. *See* ECF No. 112.

**LEGAL STANDARD**

Under Rule 54,

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Certification under Rule 54(b) is a two-step process." *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988). First, the district court must determine that the judgment is final, meaning it is the "ultimate disposition of an individual claim entered

in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Second, the district court must determine that there is no just reason for delay, which involves a balancing test in which the court weighs "Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Accident & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976). The Supreme Court has suggested that the district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. Additionally, "in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Id.* In the end, whether to grant a Rule 54(b) motion is "left to the sound discretion of [the] district court." *Id.* at 10.

## DISCUSSION

Plaintiffs argue that the requirement of finality is met here, as the Court's order was "an ultimate disposition of Plaintiffs' claims against MCO Defendants," and "separate recovery is possible against State Defendants while an appeal as to MCO Defendants' claims is proceeding." ECF No. 112 at 4–5. Plaintiffs admit that "the claims against MCO Defendants arise from a common nucleus of operative facts," but claim that "Plaintiffs' factual assertions against MCO Defendants pertain solely to their contractual responsibilities, independent of the contractual obligations of State Defendants." *Id.* at 5.

That is, should subsequent appeals occur, Plaintiffs contend that the parties "would not be re-litigating the issue of the [Patient Protection Act's] applicability to the contract's disclaimer of Plaintiffs' third-party beneficiary rights against MCO Defendants . . . ." *Id.* at 5. Because Plaintiffs argue there is no risk of piecemeal appeals, they argue that there is no just reason for delay. *Id.* at 5–6. Plaintiffs also raise the specter of the need for a second trial as against the MCO Defendants, "involving much of the same evidence and witnesses," in the absence of such relief. *Id.* at 6. Plaintiffs contend that whether the MCO Defendants violated their agreement to furnish medical services is not dependent on the "activities of State Defendants" but is instead an "independent inquiry." ECF No. 128 at 2.

State Defendants, in their Response, argue that "the liability of the MCOs depends on the activities of [HSD]." ECF No. 121 at 3. State Defendants point out that Plaintiffs' specter of a second trial "involving much of the same evidence and witnesses" is essentially an admission that the relief requested will result in a piecemeal appeal. *Id.*

In their own Response, MCO Defendants argue similarly that the judgment is not truly final because of the factual overlap between Plaintiffs' claims against both groups of defendants. ECF No. 123 at 2. In particular, MCO Defendants point out that "[a]ll of Plaintiffs' claims are predicated on their allegation that they were deprived of private duty nursing services in amounts they contend are medically necessary in violation of Medicaid requirements." *Id.* MCO Defendants further contend that "all of the MCO Defendants' alleged obligations to [Plaintiffs] are purely derivative of the States Defendants' obligations." *Id.* at 3. MCO Defendants argue that while Plaintiffs' claims against the two groups of defendants are exclusive from each other, "the test is not technical legal

5

exclusivity" but instead a common nucleus of fact. *Id.* at 9. MCO Defendants also maintain that a pending second motion for preliminary injunction, which requests much of the same relief in the complaint, argues against finality. *Id.*

In the first count, Plaintiffs requested declaratory relief regarding the MCO Defendants' contracts with State Defendants. ECF No. 1 at 21–34. In particular, they requested declaratory relief stating that MCO Defendants' contractual disclaimer of third-party beneficiary rights was invalid under the New Mexico Patient Protection Act, which guarantees individual medical insurance consumers—including, Plaintiffs allege, Medicaid recipients—the right to sue as third-party beneficiaries. *Id.* In their second, third, and fourth counts, Plaintiffs asserted third-party beneficiary claims against each individual MCO Defendant for breach of those contracts. *Id.* at 34–41. Plaintiffs' remaining claims include a claim for the above declaratory judgment with respect to State Defendants, a third-party beneficiary breach of contract claim against State Defendants, and various federal law claims against State Defendants. *See id.* at 31–48; ECF No. 77 at 11.

The Court agrees with Plaintiffs that, upon certification for immediate appeal, the parties would not be at risk of re-litigating the issue of the Patient Protection Act's applicability to the contract disclaimer of Plaintiffs' third-party beneficiary rights against MCO Defendants. However, that is the *only* issue that would not be re-litigated—the actual services due under the Medicaid Act, and as a factual matter, whether these were delivered, is equally relevant to the liability of all Defendants. For this reason, the Court will deny Plaintiffs' Motion.

Plaintiffs cite *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102 (10th Cir. 1973), and *McKibben v. Chubb*, 840 F.2d 1525 (10th Cir. 1988), for the proposition that

"mere factual overlap alone is insufficient to bar 54(b) certification, even when many of the same facts support liability under multiple counts." ECF No. 129 at 2. However, in *Gas-A-Car*, the Tenth Circuit merely held that the district court did not abuse its discretion in certifying an order dismissing one of two counts for appeal, where the counts were factually related. 484 F.2d at 1105 ("Count I . . . is not so inherently inseparable from or closely related to the claims in Count II that the district court has abused its discretion in certifying this case pursuant to Rule 54(b).").

In *McKibben v. Chubb*, meanwhile, the Tenth Circuit upheld the district court's certification where each claim involved different torts against different people. 840 F.2d at 1529. In particular, one defendant was an attorney who drafted a will, one was a cohabitant of the decedent who had allegedly fraudulently requested a stock transfer, and the third was a corporation who had transferred the stock. *Id.* at 1527. The Tenth Circuit found that while all three claims were related to the passing of one decedent, the drafting of the will and the stock transfer were separable from the alleged fraudulent transfer request. *Id.* at 1529.

The factual nexus here, however, is much more tightly integrated than in either of the above cases. The Court therefore finds that the instant case is more similar to *Dixon v. Stone Truck Line, Inc.*, No. 2:19-CV-000945 JCH/GJF, 2021 WL 4319647 (D.N.M. Sept. 23, 2021), in which the district court declined to certify its order under Rule 54(b). In that case, the plaintiff sued multiple defendants for negligence arising out of a single accident—a semi-truck colliding with a motorcycle. *Dixon*, 2021 WL 4319647 at *1. There, the court dismissed claims against several—but not all—defendants, pursuant to a motion to dismiss. *Id.* In particular, the district court dismissed claims against the owner of the

7

goods shipped in the semi-truck and the business that arranged the transportation of those goods. *Id.* Though the theories of liability against each defendant differed, the district court found that the facts underlying the accident and the shipment were "intertwined" and that this weighed against finding finality. *Id.* at *2.

Here, as in *Dixon*, the Court finds that the facts are tightly intertwined, and therefore declines to certify its order under Rule 54. *See, e.g.*, *R. M-G for A.R. v. Las Vegas City Sch.*, No. 1:13-CV-0350 KBM/KK, 2016 WL 10592142, at *3 (D.N.M. Feb. 25, 2016) ("[T]he issues resolved by the [relevant order] and the remaining claims overlap."); *Endlich v. Yellow Corp.*, No. 2:04-CV-265 LCS/KBM, 2005 WL 8163962, at *1 (D.N.M. May 11, 2005) (denying certification under Rule 54 where plaintiff's dismissed federal statutory claims were intertwined with remaining state law claims).

Plaintiffs argue that the MCO Defendants' alleged breach of contract is entirely distinct from State Defendants' alleged Medicaid violations. ECF No. 129 at 3. While these counts may be legally distinct, the fact remains that if a nurse does not show up to an individual Plaintiff's house on a given day, the question of whether liability then results implicates both the relevant MCO *and State Defendants*. That is, Plaintiffs' dismissed contract claims against MCO Defendants flow directly from State Defendants' obligations under the Medicaid Act—if the Act is not violated, there is no breach of contract alleged. *See, e.g.*, ECF No. 1 at 34 (alleging MCO Defendant was contractually required to provide the "early and periodic screening, diagnostic, and treatment services" required by the Medicaid Act). While the MCO Defendants' contractual responsibilities are thus severable in theory, they are indistinguishable from the contractual and regulatory obligations of

8

State Defendants when it comes to the realities of trial. The Court therefore finds Plaintiffs' arguments unavailing.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Opposed Motion to Direct Final Judgment as to Plaintiffs' First, Second, Third and Fourth Claims for Relief Pursuant to Fed. R. Civ. P. 54(B), ECF No. 112, is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE