IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through her
mother Christina Garcia, et al.,

      Plaintiffs,

v.                                                                               No. 1:22-cv-0325 MIS/DLM

KARI ARMIJO,[1] in her official
capacity as Acting Secretary for the Human
Services Department of New Mexico, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the New Mexico Human Services Department's (HSD) and Acting Secretary's Motion for Stay Pending Appeal. ECF No. 269. Having considered the record, submissions of counsel, and relevant law, the Court will deny the motion.

**I.    Relevant Factual and Procedural Background**

Plaintiffs, "profoundly ill minor children . . . classified as 'medically fragile' under New Mexico's Medicaid program[,]" allege that Defendants have failed "to provide them with adequate hours of private duty nursing (PDN) services . . . ." *See* ECF No. 217 at 2 (citing ECF Nos. 1 at 2, 8; 48 at 2). Plaintiffs allege that without adequate PDN services, they are at "'risk of institutionalization or hospitalization,' in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Patient Protection and Affordable Care Act, as well as 'unnecessary isolation' as their families are not able to take them outside the home without assistance." *Id.* at 4

---

[1] Plaintiffs originally named David Scrase, the former Secretary for the New Mexico Human Services Department (HSD), as a defendant. ECF No. 1 at 1. Since the filing of the Complaint, Scrase has been replaced in his role at HSD by Acting Secretary Kari Armijo. *See* ECF No. 176 at 1 n.1. "[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while [an] action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). "Later proceedings should be in the substituted party's name . . . ." *Id.*

(quoting ECF No. 1 at 5).

On March 3, 2023, Plaintiffs filed a Second and Revised Motion for Preliminary Injunction.[2] ECF No. 150. The Court granted the motion in part and ordered a mandatory preliminary injunction that requires Defendants to

> take additional immediate and affirmative steps to arrange directly or through referral to appropriate agencies, organizations, or individuals, corrective treatment of in-home shift nursing services to Plaintiffs at the level already approved by Defendants, as required by the Medicaid Act, pending final judgment in this action or until further order of the Court.

ECF No. 217 at 44. The Court outlined possible steps Defendants may consider, which

> may include, but are not limited to, negotiation with Managed Care Organization partners regarding possible solutions, making good faith attempts to attract qualified nurses from other states, increased monitoring of Plaintiffs' weekly shortfalls, or any other administrative or other action which tends to and does actually increase the average number of [PDN] hours provided to Plaintiffs each month without seriously compromising other programmatic goals.

*Id.* The Court also ordered Defendants to "take immediate steps to provide notice to the Managed Care Organization for" any "Plaintiffs who face [PDN] hours shortages for the duration of this case," and to take other actions for Plaintiffs not facing such shortages. *Id.* Defendants were to file a notice within 30 days of the Court's opinion to "inform the Court and Plaintiffs of the steps taken . . . to arrange for in-home nursing services . . . ." *Id.* at 44.

The parties have filed cross appeals to the Tenth Circuit. *See* ECF Nos. 227; 234. Defendants now move for a stay pending a decision on the appeals. ECF No. 269.

## II. Legal Standard

In analyzing a motion to stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

---

[2] The Court denied Plaintiffs' original motion for preliminary injunction with leave to refile. *See* ECF No. 136.

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1091 (D.N.M. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two factors are the 'most critical' in the determination whether to grant a stay pending appeal." *Id.* (quoting *Nken*, 556 U.S. at 434) (subsequent citation omitted). "The Supreme Court has characterized the standard for a stay pending appeal as requiring a 'strong showing' that the applicant is likely to succeed on the merits." *Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 1:22-CV-822 KWR/JMR, 2023 WL 3584694, at *1 (D.N.M. May 22, 2023) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing *Nken*, 556 U.S. at 434).

### III.  Analysis

For the reasons outlined below, the Court finds that the motion to stay is not well-taken and will be denied.

#### A.  Likelihood of Success on Appeal

With respect to the first factor, Defendants make only one point: they argue that "there is [a] strong showing that [they] will prevail on appeal" because the Court granted a mandatory injunction, which is "disfavored." ECF No. 269 at 3–4. Defendants argue that there has been no trial on the merits and they have not had an opportunity to present evidence or expert testimony. *Id.* at 4. Specifically, Defendants state they have not submitted evidence on: "(1) what HSD has done in an effort to locate and retain nurses to serve the two named Plaintiffs, (2) what a private duty nurse . . . can do that is different from other in home skilled care providers[,] and (3) what are the other available services, other than [private duty nurses], that can serve Plaintiffs' medically necessary needs." *Id.* Plaintiffs respond that "Defendants had every opportunity to present

evidence on all the points it now raises[,]" as the parties engaged in some discovery prior to the hearing on the renewed motion. ECF No. 294 at 6.

The Court finds that Defendants' bare bones argument is insufficient to make a strong showing of likely success. "District courts have discretion over whether to grant preliminary injunctions, and [the Tenth Circuit] will disturb their decisions only if they abuse that discretion." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (quoting *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 796 (10th Cir. 2019)). "A district court's decision crosses the abuse-of-discretion line if it rests on an erroneous legal conclusion or lacks a rational basis in the record." *Id.* (quoting *Free the Nipple-Fort Collins*, 916 F.3d at 796). Critically, Defendants develop no argument to address whether the Court abused its discretion in partially granting the preliminary injunction. *See* ECF No. 269. Rather, they simply reiterate their previous arguments about the disfavored nature of mandatory injunctions. *Compare, e.g.*, ECF No. 176 at 5–6, *with* ECF No. 269 at 3–4. Yet the Court explicitly addressed the mandatory nature of the preliminary injunction in its opinion. *See* ECF No. 217 at 6–8.

In sum, Defendants offer no measured reason[3] to conclude that the Court's reasoning "rests on an erroneous legal conclusion or lacks a rational basis in the record." *See Mrs. Fields Franchising*, 941 F.3d at 1232 (quotation omitted). Consequently, this factor weighs against a stay.

### B.     Irreparable Injury Without a Stay

Regarding the second factor, the movant must show more than "some possibility of

---

[3] Defendants summarily assert additional arguments in their reply brief (*see* ECF No. 303 at 2–3 (asserting, *e.g.*, that "the Court did not apply the heightened burden of proof to the injunction" and that "the injunction is impermissibly vague")) and attempt to "incorporate[ their] briefs and evidence presented in response on both motions for preliminary injunctions and the points and authorities made in its appellate filing into this reply" (*see id.* at 3). The Court does not generally "consider arguments made for the first time [in a] reply brief and deem[s] those arguments waived." *United States v. Leffler*, 942 F.3d 1192, 1197–98 (10th Cir. 2019) (citations omitted); *see also United States v. Vann*, No. 1:12-cr-0966 PJK-SMV, 2023 WL 3335983, at *2 (D.N.M. May 10, 2023) (applying *Leffler* to find argument raised for first time in reply brief was waived); *Shivner v. CorrValues, LLC*, No. CIV 20-0497 RB/CG, 2022 WL 1014978, at *13 (D.N.M. Apr. 5, 2022) (same).

irreparable injury . . . ." *Pueblo of Pojoaque*, 233 F. Supp. 3d at 1091 (citing *Nken*, 556 U.S. at 434–35) (internal citation and quotation marks omitted). Here, Defendants assert that "failure to issue the stay *could* injure HSD." ECF No. 269 at 5 (emphasis added). They state that the requirement to fund a special master "*may* impact HSD's ability to invest in other programs or make more efforts to try to attract more [PDNs]." *Id.* (emphasis added).

Since Defendants filed the motion to stay, the Court has appointed a Special Master. ECF No. 309. The Order Appointing Special Master requires Defendants to "pay the Special Master's compensation and expenses up to $20,000," with any amount over that to be "shared by Defendants (90%) and Disability Rights New Mexico (10%)." *Id.* at 6. The order provides that any party "may petition the Court to revisit [the provision regarding payment] if payment causes an undue burden." *Id.* Moreover, the language of the injunction takes care to avoid causing Defendants to take steps that might "seriously compromis[e] other programmatic goals." *See* ECF No. 217 at 44. With these protections in place, and without specific evidence to support their position, Defendants fail to show more than a possibility of irreparable injury. This factor weighs against a stay.

## C.    Injury With a Stay

Defendants argue that a stay will not substantially injure Plaintiffs, as "[t]here is no threat that the existing medically necessary services will be discontinued." ECF No. 269 at 4. Defendants state that they "will continue to work with the managed care organizations ('MCO') to attempt to locate personnel who can best serve the two Plaintiffs." *Id.* As Plaintiffs point out, however, the Court previously found that Plaintiffs established that they were not receiving required hours of care prior to the preliminary injunction. *See* ECF Nos. 217 at 12; 294 at 8. The Court further concluded that without appropriate medical care, "Plaintiffs have consistently demonstrated a high likelihood of irreparable injury" through risks of immediate medical harm, institutionalization,

ongoing isolation within the home, and developmental harm. ECF No. 217 at 12–17 (citing ECF Nos. 59-2 at 1; 59-7 at 2; 109 at 26; 151). Nothing has changed since the Court opined "that the threatened injury to Plaintiffs greatly outweighs any possible injury to Defendants." *Id.* at 19. This factor weighs against a stay.

### D. Public Interest

Defendants assert that the mandatory injunction will "requir[e] HSD to reimburse Plaintiffs' providers for additional services." ECF No. 269 at 5. They argue that it is in the public interest to maintain the status quo—that is, to stay any requirement that HSD pay for any additional services. *See id.* As the Court previously found, however, "counsel for Defendants appeared to admit . . . that there may already be mechanisms in place to provide relief." ECF No. 217 at 19. Coupled with the public's interest in enforcement of the Medicaid Act and in providing affordable access to healthcare, the Court finds that this factor weighs against a stay. *See id.*

### E. Conclusion

Because Defendants have not established that any of the four factors weigh in favor of issuing a stay pending appeal, the Court will deny the motion to stay.

_____
**MARGARET I. STRICKLAND**
**UNITED STATES DISTRICT JUDGE**