IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through her
mother Christina Garcia,
C.V., a minor, by and through
his father Jeremy Vaughan, and
DISABILITY RIGHTS NEW
MEXICO, INC.,

    Plaintiffs,

v.

                                        Case 1:22-cv-00325-MIS-DLM

KARI ARMIJO,[1] in her official
capacity as Secretary for the Human
Services Department, State of
New Mexico, and HUMAN
SERVICES DEPARTMENT,

    Defendants.

## ORDER DENYING PLAINTIFFS' OPPOSED MOTION FOR PERMISSIVE JOINDER OF PROSPECTIVE PLAINTIFF E.A. AND LEAVE TO FILE FIRST AMENDED COMPLAINT CONSISTENT WITH JOINDER

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Permissive Joinder of Prospective Plaintiff E.A. and Leave to File First Amended Complaint Consistent with Joinder, filed September 7, 2023. ECF No. 299. Because Plaintiffs failed to satisfy their burden of establishing "good cause" to amend the Complaint, the Court need not await a Response from Defendants. The Court **DENIES** the Motion.

---

[1] Plaintiffs originally named David Scrase, the former Secretary for the New Mexico Human Services Department (HSD), as a defendant. ECF No. 1 at 1. Since the filing of the Complaint, Scrase has been replaced in his role at HSD by Acting Secretary Kari Armijo. See ECF No. 176 at 1 n.1. "[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while [an] action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). "Later proceedings should be in the substituted party's name . . . ." Id.

**I.   Background**

On April 28, 2022, Disability Rights New Mexico, Inc. and three minors—M.G., A.C., and C.V. ("the Minor Plaintiffs")—filed a Class Action Complaint against, inter alia, the New Mexico Human Services Department ("HSD") and the Secretary of HSD.  ECF No. 1.

On January 13, 2023, the Court issued a Scheduling Order establishing a deadline of February 8, 2023, for Plaintiffs to amend their pleading and/or join additional parties.  ECF No. 141 at 1.

On September 7, 2023, Plaintiffs filed the instant Opposed Motion for Permissive Joinder of Prospective Plaintiff E.A. and Leave to File First Amended Complaint Consistent with Joinder. ECF No. 299.  As the title of the Motion suggests, Plaintiffs seek to file an amended complaint to join an additional Plaintiff, E.A.  See id.

**II.   Legal Standard**

Whether to grant a motion for leave to amend filed after the deadline to amend pleadings is a two-step inquiry.  Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240-41 (10th Cir. 2014).  Initially, the Court must determine whether the movant has demonstrated "good cause" for the amendment under Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Id. at 1240.  "[T]his standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." Id. (internal quotation marks and citation omitted).  If the movant establishes good cause under Rule 16(b)(4), the Court then must determine whether leave to amend is appropriate under Rule 15(a).  Id.  The Supreme Court has explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

2

> of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).  "When a party moving to amend seeks to join additional parties, the Federal Rules governing mandatory or permissive joinder are also implicated." Hawkins v. Bd. of Cnty. Comm'rs of Coffey Cnty., Kan., Case No. 17-2687-KHV-ADM, 2019 WL 4034469, at *2 (D. Kan. Aug. 27, 2019) (citing Fed. R. Civ. P. 19 & 20).

### III.   Discussion

The Court's Scheduling Order established a deadline of February 8, 2023, for Plaintiffs to amend the Complaint and join parties. ECF No. 141 at 1. Plaintiffs filed the instant Motion seeking leave to amend their Complaint and join a party on September 7, 2023—almost seven months after the February 8, 2023, deadline.

In their Motion, Plaintiffs acknowledge that the deadline to amend pleadings and join parties has passed. ECF No. 299 at 2. Although they do not cite Rule 16(b), they assert that since the deadline to amend pleadings and join parties expired, "several things have occurred to provide good cause to allow amendment to join Plaintiff EA as a named Plaintiff, and nothing has occurred that will result in prejudice to Defendants if amendment is allowed." Id.

However, Plaintiffs wholly fail to argue or establish that the February 8, 2023, deadline to amend pleadings and join parties established by the Court's Scheduling Order could not be met despite Plaintiffs' diligence. Indeed, although they argue that "several things have occurred to provide good cause to allow amendment to join Plaintiff EA as a named Plaintiff," id., they failed to identify any of those things. Consequently, the Court finds that Plaintiffs have failed to establish good cause under Rule 16(b)(4) to amend their Complaint and join additional parties.

Because Plaintiffs failed to establish good cause to modify the scheduling order under Rule 16(b)(4), the Court need not determine whether leave to amend is appropriate under Rule 15(a). Gorsuch, Ltd., 771 F.3d at 1242 ("Having concluded Gorsuch Cooper and Aspen lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

Although the Court finds that Plaintiffs' Motion to amend the Complaint to join E.A. as a Plaintiff must be denied, nothing in this Order prevents E.A. from becoming a class member if the Court ultimately grants Plaintiffs' Motion for Class Certification, ECF No. 235. If the Court ultimately denies the Motion for Class Certification, Plaintiffs may file a new Motion to amend the Complaint to join E.A. as a Plaintiff.

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiffs' Opposed Motion for Permissive Joinder of Prospective Plaintiff E.A. and Leave to File First Amended Complaint Consistent with Joinder, ECF No. 299, is **DENIED** without prejudice to being reraised if the Court denies the pending Motion for Class Certification, ECF No. 235.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE