IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through her
mother Christina Garcia, *et al.*,

      Plaintiffs,

v.                                                      No. 1:22-cv-0325 MIS/DLM

KARI ARMIJO,[1] in her official
capacity as Acting Secretary for the Human
Services Department of New Mexico, *et al.*,

      Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER**[2]

On September 20, 2023, Plaintiffs served a Notice of Rule 30(b)(6) Deposition Duces Tecum on Defendants Armijo and the State of New Mexico Human Services Department (collectively HSD), requiring HSD to designate one or more representatives to provide testimony on ten topics with numerous subparts. (*See* Docs. 338 at 2; 338-1.) On October 10, 2023, HSD moved to quash and argues that Plaintiffs seek testimony on topics "unrelated to the litigation as it now stands." (Doc. 338 at 2.) Having considered the parties' arguments and the relevant law, the Court will **deny** the motion as outlined below.

I.      **Legal Standards**

Federal Rule of Civil Procedure 30(b)(6) allows a party to notice the deposition of a governmental agency. The notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The agency must designate one or more representatives

---

[1] Plaintiffs originally named David Scrase, the former Secretary for the New Mexico Human Services Department (HSD), as a defendant. (Doc. 1 at 1.) Scrase has since been replaced by Acting Secretary Kari Armijo. (*See* Doc. 176 at 1 n.1.) "[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while [an] action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

[2] The Court enters this Amended Memorandum Opinion and Order to correct a mistake related to the discovery deadline.

"to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* "Before or promptly after the notice or subpoena is served, the serving party and the [agency] must confer in good faith about the matters for examination." *Id.* At the deposition, the individuals designated by the agency "must testify about information known or reasonably available to the [agency.]" *Id.*

"For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *See Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. CIV.A. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009) (citations omitted). "Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task." *Id.* (citations omitted) "If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.* (citation omitted).

Rule 26(c) allows a party to seek a protective order to protect the party, upon a showing of good cause, "from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The Rule requires the party seeking the protective order to include in the motion "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.*

**II.     Analysis**

HSD moves to quash the notice on two broad grounds: (1) Plaintiffs seek information that is irrelevant to either the named Plaintiffs or to the putative class; and (2) the notice is unduly burdensome. (*See* Docs. 341; 345.) Plaintiffs oppose the motion and ask the Court to direct HSD to respond to the notice. (*See* Doc. 341 at 17.)

The Court will summarily deny the parties' requested relief for two reasons. First, both parties have failed to comply with the applicable rules. Second, it appears that the Court has provided guidance on at least some of the topics of which HSD complains.

A.  **The parties failed to comply with the relevant rules.**

HSD correctly notes that Plaintiffs failed to abide by Local Rule 30.1, which requires counsel to "confer in good faith regarding scheduling of depositions *before* serving notice of [a] deposition." (Doc. 338 at 6 (citing D.N.M. LR-Civ. 30.1).) Plaintiffs respond that "the Notice itself clearly states that the date set for October 20, 2023, '[m]ay be modified at a meet and confer, *depending on the availability of counsel and designated witnesses*.'" (Doc. 341 at 10 (quoting Doc. 338-1 at 1 n.2).) In a case such as this one where the parties have had difficulties reaching agreement on various discovery matters, counsel would be wise to follow the rules to the letter to avoid further discord. Confusingly, HSD did not file a motion to quash based solely on Plaintiffs' failure to follow Local Rule 30.1—a mistake that easily could have been rectified without the need for full briefing. Instead, counsel for HSD met with Plaintiffs pursuant to Rule 30(b)(6) and then "declined to discuss topics or scheduling, . . . suggest[ing] she would file a motion to quash based on the number of topics." (Doc. 341 at 10–11.) Yet Rule 30(b)(6) requires the parties to "confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). HSD's refusal to confer in good faith about the topics violated the spirit of this rule.

HSD further failed to comply with Rule 26(c), which requires the party moving for a protective order to include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). HSD did not include such a certification, nor does it appear that HSD *could* submit such a certification, as Plaintiffs allege that HSD's counsel "never requested a meet and confer

3

. . . regarding [HSD's] specific concerns about the Notice." (*Id.* at 11.) HSD responds that "[t]he parties have spent multiple hours meeting and conferring, with or without judicial presence." (Doc. 345 at 6.) HSD does not specifically deny, however, that it never requested a meet and confer about this particular motion in accordance with Rule 26(c). (*See id.*) *See also Montoya v. Life Ins. Co.*, No. CV 18-590 SCY/JFR, 2019 WL 7596289, at *1 (D.N.M. July 17, 2019) (describing that a good faith certification "must describe with particularity the steps taken by all attorneys to resolve the issues in dispute" and noting that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party" but "requires that the parties in good faith convers, confer, compare views, consult, and deliberate, or in good faith attempt to do so") (quotation omitted).

In sum, the parties need to revisit the relevant rules and try again.

**B.     HSD objects to topics that may be allowed under the Court's previous order.**

Given the parties' failure to follow the rules as described above, the Court did not perform an exhaustive analysis of HSD's objections to the topics outlined in Plaintiffs' Notice. After a cursory examination of the objections, however, the Court has misgivings that the objections are colorable given the October 10, 2023 Order on a previous discovery motion. (Doc. 334.)

For example, HSD objects generally to "information requested [that] goes toward identification and retention of [private duty nurses] from out of state for other consumers than the named Plaintiffs[, as] the information requested has nothing to do with services to the two named Plaintiffs." (Doc. 338 at 3.) The Court previously found that Plaintiffs were entitled to discovery relevant to the putative class, and it defined that class as "the approximately 150–200 children in New Mexico's Medically Fragile waiver program; that is, medically fragile children in New Mexico who are Medicaid-eligible, recipients of early and periodic screening, diagnostic and

4

treatment (EPSDT) services, determined to need PDN services, and on the same waiver as the named Plaintiffs." (Doc. 334 at 6–7.) The Court will apply that definition to this dispute as well. Thus, to the extent HSD objects to discovery simply on the basis that it is not relevant to the two named Plaintiffs without considering that it may be relevant to the putative class, such objection would be meritless.

Next, HSD objects to topic 5, which seeks "an explanation of any and all actions HSD has taken or considered taking to develop a comprehensive statewide Medicaid network adequacy assessment . . . ." (*See* Docs. 338 at 3; 338-1 at 5.) HSD asserts that "[t]his inquiry is irrelevant to the current parties[,]" and "[w]hether HSD undertook such a study will not aid Plaintiffs, whether individually or as part of a class." (Doc. 338 at 3 (citing Doc. 338-1 at 5–6).) In the October 10, 2023 Order, the Court discussed Plaintiffs' Interrogatory No. 12 and related RFP No. 16, which sought "a description of the steps HSD has taken . . . 'to develop a comprehensive statewide Medicaid network adequacy assessment for EPSDT [PDN] providers.'" (Doc. 334 at 15 (quoting Doc. 280-6 at 2).) The Court required HSD to respond to the Interrogatory and RFP. (*See id.* at 15–16.) HSD offers no explanation for why it should not respond to a similar topic in a 30(b)(6) deposition.

With respect to topic 8, which seeks information regarding HSD's review of MCO reimbursement rates, HSD asserts that "MCOs are no longer part of this litigation and [the requested information] is irrelevant . . . ." (Doc. 338 at 4.) HSD argued in response to the previous discovery motion that "requests related to the MCOs are irrelevant as they are not parties to the case." (Doc. 334 at 7 (citing Doc. 306 at 2).) As the Court found, however, "discovery related to MCOs may be relevant to Plaintiffs' claims." (*See id.*) The Court rejected "any general objection based only on [HSD's] position that the MCOs were dismissed as defendants from this lawsuit."

(*Id.*) The same reasoning would hold true here.

These examples are not rulings, nor do they represent a full analysis of HSD's objections to the Notice. Should further motion practice be necessary, the Court cautions HSD to refrain from raising issues or objections identical to those foreclosed by the October 10, 2023 Order unless they have good cause to do so.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash (Doc. 338) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties shall work together to schedule the depositions in accordance with Local Rule 30.1 and to meet and confer about the issues noticed in accordance with Rule 30(b)(6). If the parties are unable to reach an agreement on the 30(b)(6) depositions (i.e., the number of deponents, the total time required, the topics noticed, etc.), the Court asks the parties to contact Chambers before filing a motion.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE