IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through her
mother Christina Garcia, *et al.*,

      Plaintiffs,

v.                                                                           No. 1:22-cv-0325 MIS/DLM

KARI ARMIJO,[1] in her official
capacity as Acting Secretary for the Human
Services Department of New Mexico, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following a status conference. (*See* Doc. 383.) At the status conference, the parties discussed disagreement regarding the number of hours Plaintiffs should be allowed to take Defendants' Rule 30(b)(6) depositions. (*See id.*) Plaintiffs ask for at least four hours per deponent, or three days of depositions on the record. Defendants prefer to limit Plaintiffs to one seven-hour day but would agree to a "reasonable" amount of time. (*See id.*)

Federal Rule of Civil Procedure "Rule 30(b)(6) allows a party to depose a corporation on topics noticed and described with reasonable particularity." *See City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 330062, at *5 (D.N.M. Feb. 1, 2021), *objections overruled*, 2021 WL 1890132 (D.N.M. May 11, 2021). The Rule's requirement that a party describe the topics for examination "'with reasonable particularity' . . . recognizes that a corporation, whose knowledge is an amalgamation of many individuals' knowledge and is spread

---

[1] Plaintiffs originally named David Scrase, the former Secretary for the New Mexico Human Services Department (HSD), as a defendant. (Doc. 1 at 1.) Scrase has since been replaced in his role at HSD by Acting Secretary Kari Armijo. (*See* Doc. 176 at 1 n.1.) "[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while [an] action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

amongst these individuals rather than possessed by a single one of them, cannot identify the right individual(s) to testify on its behalf without advance notice of the topics of that testimony." *Id.* at *7 (quoting Fed. R. Civ. P. 30(b)(6)). The corporation has sole discretion in designating the number of people who will testify on its behalf. *See Infernal Tech., LLC v. Epic Games, Inc.*, 339 F.R.D. 226, 230 (E.D.N.C. 2021).

Rule 30(d)(1) limits "a deposition . . . to one day of [seven] hours." Fed. R. Civ. P. 30(d)(1); *see also City of Las Cruces*, 2021 WL 330062, at *7 (discussing Fed. R. Civ. P. 30(d)(1)). The Rule does not distinguish between the depositions of individuals and those of corporate deponents. *See* Fed. R. Civ. P. 30(d)(1); *City of Las Cruces*, 2021 WL 330062, at *7. Indeed, the advisory committee's note to the 2000 amendment provides that "[f]or purposes of [the seven-hour] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment).

Federal district courts disagree on whether all individual corporate deponents should be subject to the seven-hour rule. On one end of the spectrum, United States Magistrate Judge Robert T. Numbers, II of the Eastern District of North Carolina held that "Rule 30's language . . . is unambiguous. An organization may designate one or more people to testify on its behalf and each designee's deposition is presumptively limited to seven hours on one day." *Infernal Tech., LLC, Inc.*, 339 F.R.D. at 230. Under this interpretation, a corporation would be held to seven-hour depositions for every representative it designated, whether that be one or 100. Judge Numbers reasoned that a corporation may limit the time it must spend testifying by limiting the number of representatives designated. *See id.* Thus, in that case, the court found that where a corporate

defendant designated only one representative to testify on a notice that outlined 33 topics, the plaintiff was limited by the rule to only one seven-hour deposition.[2] *See id.* at 231.

Taking a different tack, United States Magistrate Judge Kristen Mix of the District of Colorado opined:

> A blanket rule permitting a seven-hour deposition of each designated deponent is unfair (because it rewards broader deposition notices and penalizes corporate defendants who regularly maintain business information in silos and who therefore must either designate multiple individuals to respond or spend time, energy, money and other resources preparing a single individual to respond) and unduly burdensome (because of the manifest increased cost and disruption of preparing more than one person to respond to a deposition notice).

*In Re Rembrandt Techs.*, No. 09-CV-00691-WDM-KLM, 2009 WL 1258761, at *14 (D. Colo. May 4, 2009). Judge Mix thus limited the parties to ten hours of Rule 30(b)(6) depositions, despite the fact that the corporate defendant named five witnesses to testify on 11 topics. *See id.*

Here, Plaintiffs' notice seeks "testimony on ten topics with numerous subparts." (*See* Doc. 368 at 1 (citing Docs. 338 at 2; 338-1).) Defendants believe they will need six individuals to testify on the topics. (*See* Doc. 383 at 1.) Given the breadth and complexity of this lawsuit, the Court is more inclined to agree with the reasoning of Judge Mix. That is, Defendants would be hard-pressed to find one corporate representative who is able to testify on every topic in Plaintiffs' notice. Still, the Court sees no need for Plaintiffs to depose Defendants' corporate representatives for upwards of 42 hours.

It is unnecessary, however, "to wade into the debate" on the durational limits of Rule 30(b)(6) testimony, as "the Court has discretion . . . to adjust it." *See Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2021 WL 2291380, at *8 (D. Ariz. June 4, 2021) (citing Fed. R. Civ. P. 30(d)(1)). Pursuant to Rule 26(b)(2)(A), "the court may alter the limits in these

---

[2] Judge Numbers noted, however, that the plaintiff could have sought an enlargement of time under Rule 30(d)(1).

rules on the number of depositions . . . or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). Under these circumstances, the Court finds it appropriate to limit Plaintiffs' Rule 30(b)(6) depositions of Defendants' representatives as follows: Plaintiffs will be allowed up to 18 hours total to depose the six representatives. This amounts to approximately three hours per witness.[3] Plaintiffs may divide that time as they see fit, but in no event should any one individual be deposed more than seven hours absent Court order or agreement by the parties.

    **IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[3] With respect to Rule 30(b)(6) depositions of non-party entities, the Court will limit Plaintiffs to seven hours total per entity, regardless of the number of representatives each entity designates.