IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor by and through her
mother Christina Garcia, and
C.V., a minor, by and through
his father Jeremy Vaughan,

    Plaintiffs,

v.

                                                      Case 1:22-cv-00325-MIS-DLM

KARI ARMIJO,[1] in her official
capacity as Secretary for the Human
Services Department, State of
New Mexico, and HUMAN
SERVICES DEPARTMENT,

    Defendants.

**ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING COUNTS I AND V**

**THIS MATTER** is before the Court on Defendants Human Services Department of New Mexico ("HSD") and Acting Secretary Kari Armijo's Rule 12(c) Motion for Judgment on the Pleadings Regarding Counts I and V, ECF No. 392, filed February 16, 2024. Plaintiffs filed a Response on March 11, 2024, ECF No. 396, to which Defendants filed a Reply on April 1, 2024, ECF No. 426. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

---

[1] Plaintiffs originally named David Scrase, the former Secretary for the New Mexico Human Services Department ("HSD"), as a defendant. ECF No. 1 at 1. Since the filing of the Complaint, Scrase has been replaced in his role at HSD by Acting Secretary Kari Armijo. See ECF No. 176 at 1 n.1. "[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while [an] action is pending[, t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). "Later proceedings should be in the substituted party's name . . . ." Id.

I.  **Background**

On April 28, 2022, Disability Rights New Mexico, Inc. ("DRNM") and three minors, M.G., A.C., and C.V. ("the Named Plaintiffs"),[2] filed a Class Action Complaint against HSD, the Secretary of HSD, and three Managed Care Organizations ("MCOs")—Western Sky Community Care, Inc. ("Western Sky"), Presbyterian Health Plan, Inc. ("Presbyterian"), and HCSC Insurance Services Company, doing business as Blue Cross & Blue Shield of New Mexico ("BCBSNM").[3] ECF No. 1. The Complaint alleges that HSD and Secretary Armijo ("HSD Defendants") are responsible for administering the state's Medicaid Managed Care program "to arrange for base medical services to those with income maintenance needs and other met eligibility criteria." Id. ¶ 3. It alleges that the HSD Defendants contracted with the MCOs to deliver these services. Id. ¶¶ 3, 81-86. It further alleges that each Named Plaintiff has been approved for a certain number of hours of private duty nursing ("PDN") services per week or month by New Mexico's Medicaid program, but Defendants are failing to provide them with adequate hours of PDN services, id. at ¶¶ 1-2, 13-15. The Complaint contains nine causes of action ("Counts"), as follows:

- Count I seeks a declaration that Plaintiffs have third-party beneficiary status to enforce the contracts between HSD and the MCOs pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, id. ¶¶ 159-75;

- Count II alleges a breach of contract claim against BCBSNM, id. ¶¶ 176-87;

- Count III alleges a breach of contract claim against Presbyterian, id. ¶¶ 188-99;

- Count IV alleges a breach of contract claim against Western Sky, id. ¶¶ 200-11;

---

[2] On May 15, 2023, Plaintiffs filed a Suggestion of Death stating that A.C. died on May 12, 2023. ECF No. 203.

[3] The Court later found that DRNM lacks associational standing to sue Defendants in this case. ECF No. 369 at 42.

- Count V alleges a breach of contract claim against the HSD Defendants, id. ¶¶ 212-21;

- Count VI alleges a violation of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., against Secretary Armijo, id. ¶¶ 222-35;

- Count VII alleges a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq., against the HSD Defendants, id. ¶¶ 236-46;

- Count VIII alleges a violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, against the HSD Defendants, id. ¶¶ 247-59; and

- Count IX alleges a violation of the Medicaid Act's Early and Periodic Screening, Diagnostic and Treatment Services provisions, 42 U.S.C. §§ 1396a(a)(10)(A) & (43)(C), and 1396d(a)(4)(B), id. ¶¶ 260-63.

As to Count I, the Complaint alleges that a provision of New Mexico's Patient Protection Act ("PPA") grants Plaintiffs third-party beneficiary status to maintain a private right to enforce HSD's contracts with the MCOs. See id. ¶¶ 164-65 (citing N.M. Stat. Ann. 59A-57-9(C)). The Complaint acknowledges that HSD's contracts with the MCOs contain a provision titled "No Third-Party Beneficiaries" that states: "Only the Parties to this Agreement, and their successors in interest and assigns, have any rights or remedies under, or by reason of, this Agreement." Id. ¶ 161 (quoting Medicaid Managed Care Services Agreement § 7.12.2 (ECF No. 21-1 at 341)). However, the Complaint alleges that this provision "is illegal, unconscionable, and made without legal authority" and "cannot deprive Plaintiffs and Class members' rights to enforce the terms of the Contract." Id. ¶ 174.

On July 5, 2022, the HSD Defendants filed an Answer and Affirmative Defenses. ECF No. 18. Their Sixth Affirmative Defense asserts that the Complaint fails to state a claim upon which relief can be granted. Id. at 12.

On July 15, 2022, the MCOs filed a Joint Motion to Dismiss Counts I, II, III, and IV. ECF No. 21. Therein, the MCOs argued, inter alia, that Plaintiffs could not enforce the MCOs' contracts with HSD because they are neither parties to those contracts nor intended third-party beneficiaries of those contracts, in light of the "No Third-Party Beneficiaries" provision. Id. at 1, 4-5. They argued that pursuant to the PPA, HSD has "sole authority to determine, establish and enforce . . . the scope, definitions and limitations of medicaid benefits," id. at 6 (quoting N.M. Stat. Ann. § 59A-57-10(B)), and the PPA expressly states that "[n]othing in the [PPA] shall be construed to limit the authority of [HSD] to administer the medicaid program, as required by law[,]" id. at 7 (quoting N.M. Stat. Ann. § 59A-57-10(B)). The MCOs attached to their Motion a copy of the contract between HSD and Western Sky, ECF No. 21-1, which is substantively identical in all relevant respects to HSD's contracts with Presbyterian and BCBSNM, ECF No. 21 at 2 n.1. See also ECF No. 1 ¶ 82.

Plaintiffs filed a Response arguing that they are third-party beneficiaries to HSD's contracts with the MCOs, and that the PPA provides third-party beneficiaries the right to enforce the contracts. ECF No. 48 at 8.

On October 27, 2022, the Court issued an Order granting the MCOs' Motion to Dismiss. ECF No. 77. Initially, the Court found that it could consider the contract attached to the Motion because it is central to Plaintiffs' claims and its authenticity was not in dispute. Id. at 5-6. The Court then found that the PPA does not provide Plaintiffs with third-party beneficiary status to enforce HSD's contracts with the MCOs. Id. at 7-8. It agreed with the MCOs "that HSD's 'sole authority to . . . enforce . . . the scope . . . of Medicaid benefits' implies that HSD may indeed contractually bar individuals from enforcing third-party beneficiary rights to approved Medicaid

services against MCOs.[4]"  Id. at 8 (footnote in original) (quoting N.M. Stat. Ann. § 59A-57-10(B)). As such, the Court dismissed Count I to the extent it is alleged against the MCOs, as well as Counts II, III, and IV.  Id. at 9.  However, the Court did not decide whether Plaintiffs had third-party beneficiary status to sue HSD to enforce its contracts with the MCOs.  Id. at 8 n.3.

On February 16, 2024, the HSD Defendants filed the instant Motion for Judgment on the Pleadings arguing that the same "contract construction and legal analysis and determinations" the Court applied to dismiss the contracts claims against the MCOs applies to the contract claims against the HSD Defendants.  ECF No. 392 at 1.

**II.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."  Atl. Richfield Co. v. Farm Cred. Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y Stores Co., 971 F.2d 522, 528 (10th Cir. 1992)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This pleading standard

---

[4] The Court makes no finding at this time as to Defendant HSD's authority to contractually disclaim its own liability to third-party beneficiaries. Such a reading of the statute might indeed swallow the rule. See N.M. Stat. Ann. §§ 59A-57-9(C) (1978) (providing third-party beneficiary rights to enrollees), 59A-57-10(A) (stating that Medicaid enrollees have equal rights to other enrollees); State v. Davis, 74 P.3d 1064, 1067 (N.M. 2003) (a "statute is to be construed according to its obvious spirit or reason" where literal adherence would lead to "injustice, absurdity or contradiction").

does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  Twombly, 550 U.S. at 555.  Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible."  Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

### III. Discussion

The HSD Defendants argue that the Court's prior finding that Plaintiffs have no right to enforce the contracts between HSD and the MCOs because they are not third-party beneficiaries of those contracts is fatal to Count V.  ECF No. 392 at 3-4.  It further argues that the Court's prior finding upholding the contracts' "No Third-Party Beneficiary" provision is fatal to Count I.  Id. at 4-5.

Plaintiffs argue that they have plausibly alleged the elements of a declaratory judgment claim such that Count I survives the Motion.  ECF No. 396 at 7-11.  They further argue that Count V survives the Motion because (1) the PPA grants them third-party beneficiary status; (2) as such, they can sue to enforce the contracts between HSD and the MCOs; and (3) Count V plausibly alleges the elements of a breach of contract claim against the HSD Defendants.  Id. at 11-22.  They acknowledge that the Court previously found that the third-party beneficiary disclaimer precluded Plaintiffs from suing the MCOs for breach of contract, but they argue that "the Court also noted that it was specifically not making a finding as to Defendant HSD's authority to disclaim its own liability under the same theory."  Id. at 11 (citing ECF No. 77 at 8 n.1).  They appear to argue that because HSD is allegedly not administering the Medicaid program consistent with federal law (as

6

alleged in Counts VI, VII, VIII, and IX), HSD's "sole authority" to enforce the scope of Medicaid benefits evaporates. See id. at 11-13. They further argue that "HSD cannot rely on private contractual fiat to set aside the PPA mandate that establishes Plaintiffs' third-party beneficiary rights under state law. In the absence of explicit language in the Medicaid Act prohibiting third party beneficiary status, the parties' preference to exclude third-party beneficiaries is preempted by the PPA." Id. at 12-13. Plaintiffs argue that a finding that they lack third-party beneficiary status would lead to injustice and subvert the legislature's intent and the plain meaning of the PPA. Id. at 15-17. As to the merits of Count V, Plaintiffs argue that HSD's contracts with the MCOs require that when an MCO is in breach of the contract, "HSD shall provide the [MCO] written notice of the Breach and thirty (30) Calendar Days to cure the Breach described in the notice." Id. at 13 (quoting Medicaid Managed Care Services Agreement § 7.6.2.5 (ECF No. 21-1 at 327)). They argue that Count V plausibly alleges that the HSD Defendants have breached this notice provision. Id. at 17-22.

In their Reply, the HSD Defendants maintain that they are entitled to judgment on the pleadings as to Counts I and V because the Court's prior order granting the MCOs' Motion to Dismiss "unambiguously rejected Plaintiffs' argument that they have third-party beneficiary rights to enforce HSD's contracts with the MCOs." ECF No. 426 at 2, 7. They argue that another division of this Court analyzing the same contractual provision found that a Medicaid beneficiary could not enforce a contractual provision "because Plaintiff is not a party to the contract and is not an intended third-party beneficiary[.]" Id. at 3 (quoting Graham v. Blue Cross & Blue Shield of N.M., Civ. No. 22-0305 KG/GJF, 2023 U.S. Dist. LEXIS 21557, at *11 (D.N.M. Feb. 7, 2023)). They argue that

> Plaintiffs do not, because they cannot, cite a single case in which any court has construed a 'no third-party beneficiary provision' as precluding lawsuits against one party to a contract, but not the other; nor can Plaintiffs identify any language in the contracts suggesting that HSD and the MCOs intended for the disclaimer provision to only preclude third-party suits against the MCOs, or to preclude suits concerning certain obligations but not others.

Id. at 3-4. They argue that the contracts do not disclaim HSD's liability to third-party beneficiaries, they simply provide "that non-signatories cannot sue any party to enforce the contract itself.[5] Nothing in the contracts disclaim HSD's own potential alleged liability for any action it was legally required to take or not take under the law." Id. at 4 (footnote in original). The HSD Defendants argue that the contracts' third-party beneficiary disclaimer controls. Id. at 6 (citing Fundamental Admin. Servs., LLC v. Patton, 504 F. App'x 694, 698 (10th Cir. 2012); Montoya ex rel. S.M. v. Española Pub. Sch. Dist. Bd. of Educ., 861 F. Supp. 2d 1307, 1311 (D.N.M. 2012)). They further argue that even if Plaintiffs were third-party beneficiaries of the contracts, "the law distinguishes between third-party beneficiaries with rights of enforcement and third-party beneficiaries without rights of enforcement." Id. at 5 (citing Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 49 (2d Cir. 2014); JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 600 (5th Cir. 2007); Alpino v. JPMorgan Case Bank, N.A., Civil No. 1:10-12040-PBS, 2011 U.S. Dist. LEXIS 43210, at *9-10 (D. Mass. Apr. 21, 2011); Restatement (Second) of Contracts § 313 cmt. A (Am. Law Inst. 1981)). They further argue that "[e]ven where a non-party is deemed a third-party beneficiary under a contract, that third party can only assert a breaches [sic] of the specific contractual provisions that are intended to directly benefit the third-party plaintiffs[,]" id. at 9 (citing Jaramillo v. Providence Washington Ins. Co., 871 P.2d 1343, 1349

---

[5] This makes particular sense, as HSD's obligations under the contracts focus on government contracting functions such as paying capitation payments on time and in the correct amount and providing certain required information. E.g. contracts at §§ 5.1.1-5.1.11, 5.2, 6.1.1-6.1.6, 6.2-6.11.

8

(N.M. 1994)), and "[n]ot even the most tortured reading of the contracts can support the suggestion that Medicaid enrollees, rather than the MCOs, are the intended beneficiaries of the notice provision[,]" id. (citing Polk Cnty. v. Widseth.Smith.Nolting, No. A04-681, 2004 WL 2940847, at *2 (Minn. Ct. App. Dec. 21, 2004)). They further argue that, in any event,

> The Complaint does not, and cannot, plead that HSD breached the contracts' notice provision as the Complaint does not make the required allegations that HSD made the determination that a breach occurred, elected to commence an enforcement action based on the breach, and actually commenced such an action without first providing the contractually required notice and opportunity to cure.

Id. at 10. Finally, Defendants argue that Plaintiffs' breach of contract theory violates the doctrine of sovereign immunity and the Eleventh Amendment because the State of New Mexico has not waived sovereign immunity for suits alleging breach of contract. Id. at 11 (citing Clark v. N.M. Dep't of Corr., 58 F. App'x 789, 791 (10th Cir. 2003)).

The Court agrees with the HSD Defendants that its prior finding that Plaintiffs are not third-party beneficiaries with the right to enforce the contracts between HSD and the MCOs applies here.[6] In its Order granting the MCOs' Motion to Dismiss, the Court reasoned:

> If parties to a contract intended to benefit a third party, such third-party beneficiary may have the right to enforce that contract. Fleet Mortg. Corp. v. Schuster, 811 P.2d 81, 82–83 (N.M. 1991). However, contractual disclaimers of intended third-party beneficiaries are normally valid, on the theory that the plain language of a contract represents the contracting parties' intentions. See, e.g., Gorsuch, 771 F.3d at 1238; Estate of Stevens v. Bd. of Cnty. Comm'rs of Cnty. of San Juan, No. 1:13-cv-00882 WJ/KK, 2014 WL 12785147, at *11 (D.N.M. Nov. 5, 2014); Thompson v. Potter, 268 P.3d 57, 61–62 (N.M. Ct. App. 2011).
>
> To complicate matters, however, the PPA provides that, generally:
>
>> an individual enrollee participating in or eligible to participate in a managed health care plan shall be treated as a third-party beneficiary of the managed health care plan contract between the plan and the party with which the plan

---

[6] Because this finding is dispositive of Counts I and V, the Court declines to address the HSD Defendants' other arguments.

9

> directly contracts. An individual enrollee may sue to enforce the rights provided in the contract that governs the managed health care plan . . . .
>
> N.M. Stat. Ann. § 59A-57-9(C) (1978). The following section of the PPA adds that "[a] managed health care plan offered through the [M]edicaid program shall grant enrollees and providers the same rights and protections as are granted to enrollees and providers in any other managed health care plan subject to the provisions of the [PPA]." § 59A-57-10(A). Thus, Section 59A-57-10(A), titled "Application of act to [M]edicaid program," seems to explicitly apply Section 59A-57-9(C) to Medicaid enrollees such as Plaintiffs.
>
> Instructively, however, the first sentence of the same provision provides clarity. It states that "<u>Except as otherwise provided in this section</u>, the provisions of the [PPA] apply to the [M]edicaid program operation in this state." § 59A-57-10(A) (emphasis added). The section goes on to provide that HSD "shall have <u>sole authority</u> to determine, establish and enforce [M]edicaid eligibility criteria, the scope, definitions and limitations of [M]edicaid benefits" and that "[n]othing in the [PPA] shall be construed to limit the authority of [HSD] to administer the [M]edicaid program, as required by law." § 59A-57-10(B) (emphasis added). In other words, while Section 59A-57-9(C) provides third party beneficiary rights to individual enrollees <u>in general</u>, Section 59A-57-10 limits the applicability of the PPA to the enrollees in the <u>Medicaid</u> program—as opposed to those of privately administered medical plans.
>
> The Court is therefore forced to agree with MCO Defendants that HSD's "sole authority to . . . enforce . . . the scope . . . of Medicaid benefits" implies that HSD may indeed contractually bar individuals from enforcing third-party beneficiary rights to approved Medicaid services against MCOs. <u>See</u> § 59A-57-10(B). . . .
>
> . . . The Court finds . . . that even if allowing third-party suits in spite of HSD's contractual disclaimer would not take away from HSD's <u>general</u> authority to manage Medicaid benefits, under the plain meaning of the statute, it would certainly infringe on its <u>sole</u> authority to enforce them. To the extent that Plaintiffs argue the New Mexico legislature did not intend this result, it remains to the legislature to alter the statute. . . . <u>State v. Davis</u>, 74 P.3d 1064, 1067 (N.M. 2003) ("[S]tatutes are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction . . . ."). The Court therefore finds that, taking all of Plaintiffs' allegations as true, the statute does not invalidate the contracts' third-party beneficiary disclaimer, and Plaintiffs have failed to state a claim as to their right to third-party enforcement against MCO Defendants.

ECF No. 77 at 7-9 (footnote omitted). Although the Court "ma[de] no finding at th[at] time as to Defendant HSD's authority to contractually disclaim its <u>own</u> liability to third-party

beneficiaries[,]" stating that "[s]uch a reading of the statute might indeed swallow the rule[,]" id. at 8 n.1, the Court now concludes that its prior findings apply equally to Plaintiffs' contract claims against the HSD Defendants. The Court agrees with the HSD Defendants in that "[t]he third-party beneficiary disclaimer is either enforceable or it is not." ECF No. 426 at 4. The Court has already found that it is, and that finding applies equally here. ECF No. 77 at 7-9; see also Graham, 2023 U.S. Dist. LEXIS 21557, at *11-13 (concluding that the Medicaid recipient plaintiff could not enforce the forum selection clause of BCBSNM's Medicaid contract with the State of New Mexico because she was neither a party to the contract nor an intended third-party beneficiary of the contract in light of the contract's third-party beneficiary disclaimer).

The Court rejects Plaintiffs' argument that this finding will lead to injustice and subvert the legislature's intent and the plain meaning of the PPA. ECF No. 396 at 15-17. It will not lead to injustice because, as the HSD Defendants point out, the contracts do not disclaim HSD's liability for statutory or regulatory violations, they simply provide that non-signatories cannot sue to enforce the contracts. ECF No. 426 at 4. This result does not subvert the legislature's intent or the plain meaning of the PPA; to the contrary, it was the legislature that, when enacting the PPA, granted HSD the "sole authority to determine, establish and enforce [M]edicaid eligibility criteria, the scope, definitions and limitations of [M]edicaid benefits" and made clear that "[n]othing in the [PPA] shall be construed to limit the authority of [HSD] to administer the [M]edicaid program, as required by law." N.M. Stat. Ann. § 59A-57-10(B). As such, the Court's finding is faithful to both the legislature's intent and the plain meaning of the PPA.

Consequently, the Court concludes that accepting the Complaint's allegations as true and construing them in the light most favorable to Plaintiff, Counts I and V fail to state a claim upon which relief can be granted.

## IV. Conclusion

Therefore, it is **HEREBY ORDERD** that:

1. HSD's Rule 12(c) Motion for Judgment on the Pleadings Regarding Counts I and V, ECF No. 392, is **GRANTED**; and

2. The HSD Defendants are entitled to **JUDGMENT** as to Counts I and V of the Complaint.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE