IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor and through her
mother Christina Garcia, et al.,

      Plaintiffs,

v.   No. 1:22-cv-0325 MIS/DLM

KARI ARMIJO, in her official
capacity as Secretary for the Human
Services Department of New Mexico, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Protective Order for Counsel's Communications with Nicole Arsenault, as Retained Expert. (Doc. 508.) The Court heard from the parties at a telephonic status conference on November 8, 2024. (Doc. 526.) At issue is whether certain notes and communications relevant to Plaintiffs' expert witness are protected under the Federal Rules of Civil Procedure. Plaintiffs argue the documents are protected under Federal Rule of Civil Procedure 26(b)(4)(B)–(C), while Defendants contend the documents are discoverable. The Court will **GRANT in part** Plaintiffs' motion as detailed at the hearing and in this Opinion.

**I.   Legal Standards**

Federal Rule of Civil Procedure 26(a)(2)(B) requires the production of both expert reports and "the 'facts or data considered by the witness in forming' her opinions." *See Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-CV-0808 KG-SMV, 2019 WL 2766912, at *1 (D.N.M. July 2, 2019) (quoting Fed. R. Civ. P. 26(a)(2)(B)(ii)). "Rule 26(b)(4) governs disclosure requirements for trial preparation materials of specially-retained experts who are anticipated to

testify at trial." *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-CV-01294-RM-NYW, 2018 WL 3586393, at *2 (D. Colo. July 26, 2018). "Rule 26(b)(4)(B) . . . provide[s] work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures." Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendment. "Rule 26(b)(4)(C) . . . provide[s] work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise." Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendment. In adding Rule 26(b)(4)(C), the Advisory Committee intended "to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." *See id.*

Rule 26(b)(4)(B) specifies that a party need not disclose "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Rule 26(b)(4)(C) states that a party need not disclose "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications . . . ." There are three exceptions to Rule 26(b)(4)(C). Parties are required to disclose communications if they (1) relate to the expert's compensation; (2) "identify facts or data that the party's attorney provided and that the expert considered in forming [her] opinions"; or (3) "identify assumptions that the party's attorney provided and that the expert relied on in forming her opinions . . . ." Fed. R. Civ. P. 26(b)(4)(C)(i)–(iii). Plaintiffs, as the party seeking protection of Rule 26(b)(4), carry the burden of establishing that any materials are protected under the rule. *See Frappied*, 2018 WL 3586393, at *2 (citing *Johnson v. Gmeinder*, 191 F.R.D 638, 643 (D. Kan. 2000)).

**II.     Analysis**

Plaintiffs contend that approximately 400 pages of documents are protected from discovery

because they are either draft reports and/or are communications between Plaintiffs' attorneys and Plaintiffs' expert that are *not* facts or data. (*See* Doc. 508.) Plaintiffs produced a privilege log, which split the documents into 32 categories.[1] The Court examined all documents *in camera*. As discussed at the November 8, 2024 hearing on this matter, the Court finds as follows:

**Category 2 (Bates # 000028–35)**: Plaintiffs describe the documents in Categories 2–5 as "expert's notes on conversations with agency providers and expert's structuring of questions." (Doc. 508-1 at 1.) The Court has highlighted portions of Bates # 000032, which contains communications related to the expert's compensation and is discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portions.

**Category 3 (Bates # 000039–48)**: The Court has highlighted portions of Bates # 000039, 43, and 44. For the same reason as described under Category 2, the Court directs Plaintiffs to redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 4 (Bates # 000055–72)**: The Court has highlighted portions of Bates # 000062–63. For the same reasons as described under Category 2, the Court directs Plaintiffs to redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 5 (Bates # 000077–86)**: The Court has highlighted portions of Bates # 000081. For the same reasons as described under Category 2, the Court directs Plaintiffs to redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portions.

**Category 6 (Bates # 000132–156)**: Plaintiffs describe the documents in Category 6 as "draft report with comments by counsel, containing mental impressions." (Doc. 508-1 at 1.) The Court has highlighted portions of Bates # 000134–136, 139–143, 145, 147–148, and 151–154,

---

[1] Plaintiffs state they have produced the material within Categories 1, 14, 22, and 32; consequently, these categories are no longer at issue. (*See* Doc. 508 at 10–11.)

which contain facts, data, or assumptions Plaintiffs' attorney provided and the expert considered or relied on in forming her opinions and is not protected as attorney work product or trial preparation material under Rule 26(b)(4)(C)(ii)–(iii). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 7 (Bates # 000438–446)**: Plaintiffs describe the documents in Category 7 as "expert's notes on conversations with agency providers and expert's structuring of questions." (Doc. 508-1 at 1.) The Court has highlighted portions of Bates # 000438, 440, and 445, which contain communications related to the expert's compensation and are discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 8 (Bates # 000447–451)**: Plaintiffs describe the documents in Category 8 as "expert's notes on conversations with agency providers and expert's structuring of questions." (Doc. 508-1 at 2.) The Court finds information in Bates # 000447 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). The Court finds that information in Bates # 000450 relates to the expert's compensation, which is discoverable under Rule 26(b)(4)(C)(i). The Court has highlighted portions of Bates # 000447 and 450. Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 9 (Bates # 000527–532)**: Plaintiffs describe the documents in Categories 9–12 as "notes on expert's conversations with agency providers and expert's structuring of questions." (Doc. 508-1 at 2.) The Court finds information in Bates # 000527 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). The Court finds that information in Bates # 000530–531 relates to the expert's compensation, which is discoverable

under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 10 (Bates # 000535–541)**: The Court has highlighted part of Bates # 000538, which contains communications related to the expert's compensation and is discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portion.

**Category 11 (Bates # 000649–657)**: The Court has highlighted portions of Bates # 000649 and 653, which contain communications related to the expert's compensation and are discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 12 (Bates # 000663–673)**: The Court has highlighted part of Bates # 000667, which contains communications related to the expert's compensation and is discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portion.

**Category 13 (Bates # 000720–723)**: All documents in Category 13 are protected. Plaintiffs need not disclose any of them.

**Category 15 (Bates # 000846–852)**: Plaintiffs describe the documents in Categories 15–17 as "notes on expert's conversations with agency providers and expert's structuring of questions." (Doc. 508-1 at 2.) The Court finds that information in Bates # 000847 and 851 relates to the expert's compensation, which is discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 16 (Bates # 000854–858)**: The Court has highlighted portions of Bates # 000856. For the same reasons as described under Category 15, the Court directs Plaintiffs to redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portions.

**Category 17 (Bates # 000860–865)**: The Court has highlighted portions of Bates # 000863. For the same reasons as described under Category 15, the Court directs Plaintiffs to redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portions.

**Category 18 (Bates # 000877–902)**: All documents in Category 18 are protected. Plaintiffs need not disclose any of them.

**Category 19 (Bates # 000920–944)**: Plaintiffs describe the documents in Categories 19 as "expert's draft report." (Doc. 508-1 at 2.) The Court finds that information in Bates # 000940 relates to attorney-provided assumptions and is not protected under Rule 26(b)(4)(C)(iii). Plaintiffs shall redact the portions of that page that are not highlighted/bracketed and disclose the highlighted portions.

**Category 20 (Bates # 000950–982)**: Plaintiffs describe the documents in Categories 20–21 as "expert's notes on draft report and draft report." (Doc. 508-1 at 3.) The Court finds that information in Bates # 000950–957 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 21 (Bates # 000998–1024)**: As discussed at the hearing, the Court hereby orders Plaintiffs' counsel to compare the documents in Category 21 with the final expert report. If the documents are the same, she must disclose the documents in Category 21 to Defendants. Otherwise, counsel must identify any differences to the Court no later than **November 20, 2024**, so that the Court may determine whether any information within category 21 is discoverable.

**Category 23 (Bates # 001032–1035)**: Plaintiffs describe the documents in Categories 23, 25, and 26(B) as "counsel's mental impressions on draft report." (Doc. 508-1 at 3.) The Court finds that information in Bates # 001032 and 1034–1035 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 24 (Bates # 001036–1060)**: As discussed at the hearing, the Court hereby orders Plaintiffs' counsel to compare the documents in Category 24 with the final expert report. If the documents are the same, she must disclose the documents in Category 24 to Defendants. Otherwise, counsel must identify any differences to the Court no later than **November 20, 2024**, so that the Court may determine whether any information within category 24 is discoverable.

**Category 25 (Bates # 001060–1062)**: The Court has highlighted portions of Bates # 001061–1062. For the same reasons as described under Category 23, the Court directs Plaintiffs to redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 26(A) (Bates # 001063–1087)**: As discussed at the hearing, the Court hereby orders Plaintiffs' counsel to compare the documents in Category 26(A) with the final expert report. If the documents are the same, she must disclose the documents in Category 26(A) to Defendants. Otherwise, counsel must identify any differences to the Court no later than **November 20, 2024**, so that the Court may determine whether any information within category 26(A) is discoverable.

**Category 26(B) (Bates # 001088–1093)**: The Court has highlighted portions of Bates # 001089 and 1093. For the same reasons as described under Category 23, the Court directs Plaintiffs to redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions. The Court finds that information in Bates # 001088 and 1090–1091 relate to the expert's

compensation, which is discoverable under Rule 26(b)(4)(C)(i). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 27 (Bates # 001107–1121)**: All documents in Category 27 are protected. Plaintiffs need not disclose any of them.

**Category 28 (Bates # 001127–1141)**: Plaintiffs describe the documents in Categories 28–29 as "expert's notes on draft report and expert's draft report." (Doc. 508-1 at 3.) There is nothing within Category 28 to show it is a draft report. Plaintiff must disclose all documents within Category 28.

**Category 29 (Bates # 001142–1156)**: The Court finds that information in Bates # 001042 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). There is nothing within the remainder of the documents in Category 29 to show it is a draft report. Plaintiffs must disclose all documents within Category 29.

**Category 30 (Bates # 001824–1851)**: Plaintiffs describe the documents in Category 30 as "expert's draft report." (Doc. 508-1 at 3.) The Court finds that information in Bates # 001826–1837, 1840–1842, and 1844–1848 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**Category 31 (Bates # 001852–1851)**: Plaintiffs describe the documents in Category 31 as "expert's notes on how she would address counsel's questions." (Doc. 508-1 at 4.) The Court finds that information in Bates # 1854–1857, 1859–1865, 1868–1870, and 1872–1876 relates to attorney-provided facts, data, or assumptions and is not protected under Rule 26(b)(4)(C)(ii)–(iii). Plaintiffs shall redact the portions of those pages that are not highlighted/bracketed and disclose the highlighted portions.

**IT IS THEREFORE ORDERED** that Plaintiffs shall redact the documents within the privilege log as outlined above and disclose the unredacted portions with Defendants no later than **November 20, 2024**.

**IT IS FURTHER ORDERED** that Plaintiffs shall compare the documents from Categories 21, 24, and 26(B) as outlined above and provide notice to the Court no later than **November 20, 2024** of any changes between those documents and the final expert report.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE