IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., a minor, *et al.*,

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　　　　　No. 1:22-cv0325 SMD/DLM

**KARI ARMIJO, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Opposed Motion for Attorney's Fees and Costs Incurred on Appeal. (Doc. 584.) Plaintiffs, medically fragile minor children, allege that Defendants have failed to provide them sufficient hours of private duty nursing services as required under New Mexico's Medicaid program. (*See* Doc. 217 at 2 (citing Docs. 1 at 2, 8; 48 at 2).) On March 3, 2023, Plaintiffs filed their Second Motion for Preliminary Injunction and asked "the Court [to] order Defendants to 'take immediate and affirmative steps to arrange'" for the provision of nursing services as required. (*See id.* at 5 (citing Doc. 150-3 at 2).) United States District Judge Margaret I. Strickland granted the motion in part and ordered Defendants to "take additional immediate and affirmative steps to arrange" appropriate nursing services "pending final judgment in this action or until further order of the Court." (*See id.* at 44.)

On June 23, 2023, Defendants timely appealed the order. (*See* Doc. 227.) The Tenth Circuit affirmed the decision and held:

> (1) M.G. and C.V. have standing to seek injunctive relief; (2) the district court did not err in concluding M.G. and C.V. established a likelihood of success on the merits of their Medicaid Act claims and did not abuse its discretion in granting injunctive relief; (3) the district court's injunction is not impermissibly vague; and (4) the Supreme Court's decision in *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320 (2015), does not foreclose entry of a preliminary injunction in this case.

*See M.G. v. Armijo*, 117 F.4th 1230, 1234 (10th Cir. 2024).

Plaintiffs moved for attorneys' fees and costs at the Tenth Circuit as prevailing parties under 42 U.S.C. § 1988 and 29 U.S.C. § 794a(b). (*See* Doc. 507-1 at 1.) The Tenth Circuit found that Plaintiffs "are entitled to their reasonable attorneys' fees and some costs as the 'prevailing parties' in this appeal from the grant of a preliminary injunction." (*Id.* at 2 (citations omitted).) Thus, it granted the motion in part as follows: it awarded Plaintiffs "the costs identified in their motion as copy expenses in the amount of $292.92" and denied "[t]he costs requested for postage or other delivery expenses"; it found Plaintiffs are entitled to reasonable attorneys' fees and remanded for this Court to determine the appropriate amount of fees to award; and it determined that the requested travel costs were "not allowable as a 'cost' under [the Tenth Circuit's] rules but must instead be requested as part of the award of appellate attorneys' fees from the district court." (*Id.* (citations omitted).)

The matter is now before the undersigned for decision. (*See* Docs. 584; 592.[1]) Plaintiffs request a total of $48,961.30 in fees[2] and $767.70 in costs. (*See* Docs. 584 at 2; 590 at 11–12.) Defendants argue that the request is unreasonable and ask the Court to reduce the award to $20,325.00. (*See* Doc. 587 at 1.) Having considered the parties' arguments, exhibits, and relevant law, the Court grants Plaintiffs' motion in part and awards $38,989.85 in attorneys' fees.

**I.     Legal Standard**

The Court has discretion to allow reasonable attorneys' fees as part of the costs awarded to a prevailing party (other than the United States) in a federal civil rights suit. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995); *see also* 42 U.S.C. § 1988; 29 U.S.C. § 794a(b).

---

[1] United States District Judge Sarah Davenport referred this matter to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (*See* Doc. 592.)

[2] Plaintiffs seek $45,492.50 in fees and $3,468.80 in gross receipts tax at 7.625% on the fees. (*See* Doc. 590 at 12.)

A prevailing party is one "who 'succeeded on any significant issue in litigation which achieves some of the benefit [they] sought in bringing suit . . . .'" *See Jane L.*, 61 F.3d at 1509 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, the Tenth Circuit has already found that Plaintiffs are the prevailing party in this appeal and are entitled to reasonable attorneys' fees and costs. (*See* Doc. 507-1 at 2.)

## II.    Attorneys' Fees

To determine whether a prevailing party's fee request is reasonable, the Court calculates the "lodestar amount" of the fee. *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1074 (D.N.M. 2018). "The lodestar is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Id.* (quoting *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010)) (quotation marks and subsequent citation omitted). The prevailing party bears the burden of proving that the time spent and the rates requested are reasonable. *See id.* (citations omitted).

Attorneys must "keep meticulous time records" and "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510 (quotation marks and citation omitted). In addition, requested "[h]ourly rates must reflect the prevailing market rates in the relevant community." *Id.* (quotation marks and citation omitted).

### A.    Reasonable Hours

Plaintiffs claim hours for three attorneys: private practitioner Nancy Simmons; and from Disability Rights New Mexico (DRNM), Jason Gordon and Laurel Nesbitt. (Doc. 584 at 3.) Counsel seek compensation only for work related to the appeal, including Simmons's travel to

3

Colorado for oral argument; they do not seek compensation for paralegal or clerical tasks, for some of the time Simmons spent reviewing the work of other attorneys, or for any work performed by attorneys at the New Mexico Center for Law & Poverty. (*See id.* at 6.)

Plaintiffs seek compensation for 103.6 total hours. (*See* Doc. 590 at 12.) Defendants ask the Court to reduce the hours on the grounds that the billing summary lacks sufficient detail, the issues on appeal were not complex, and the travel costs lack documentation. (*See* Doc. 587 at 7–11.) The determination of whether hours were "reasonable" requires the Court to consider:

> (1) whether the tasks being billed "would normally be billed to a paying client,"
> (2) the number of hours spent on each task, (3) "the complexity of the case,"
> (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers.

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).

### 1.   Billing Summary Detail

Defendants first argue that the billing entries lack sufficient "detail about what services were performed, what document or matter those services were performed on or for, and request reimbursement for non-compensable clerical expenses." (Doc. 587 at 7.) The Court exercises its discretion to reduce the amount of requested hours as follows.

First, to the extent Plaintiffs request compensation for filing, "[f]iling documents with the Court is a clerical task that cannot be compensated as attorney's fees under the EAJA." *See Ayze v. Kijakazi*, No. 1:20-cv-0338 JB/JHR, 2022 WL 17038637, at *5 (D.N.M. Nov. 17, 2022), *R&R adopted*, 2023 WL 7150897 (D.N.M. Oct. 31, 2023) (citation omitted). Where filing is included in a line item with legal work, such as drafting, I will deduct .1 hour for the filing task. *See id.*

4

Thus, I will deduct a total of 1.1 hours for the filing entries on 8/29/2023 (.1 hrs); 10/9/2023 (.1 hrs); 10/10/2023 (.2 hrs); 10/23/2023 (.2 hrs); 11/2/2023 (.4 hrs); and 11/8/2023 (.1 hrs). (*See* Doc. 584-4 at 1–3.)

"Checking or reviewing notices and other routine filings on the docket is also purely clerical work." *See Ayze*, 2022 WL 17038637, at *5 (citation omitted). Thus, I will deduct .7 hours for the entries on 6/26/2023 (.1 hr); 7/10/2023 (.2 hrs); 7/11/2023 (.1 hr); 9/13/2023 (.1 hr); 11/6/2023 (.1 hr); 11/8/2023 (.1 hr). (*See* Doc. 584-4 at 1–2.)

Finally, the Court declines to allow counsel to bill for time spent correcting deficiencies that arose from counsel's failure to comply with Tenth Circuit rules. *See Stoedter v. Gates*, 320 F. Supp. 3d 1265, 1279 (D. Utah 2018) (declining to award fees for the time counsel spent on redrafting a brief that did not comply with the Tenth Circuit's rules). Accordingly, I will deduct an additional .6 hours for the attorney's work correcting deficiencies on 11/6/2023 (.6 hrs). *See also M.G.*, No. 23-2093, Notice of Deficiency (10th Cir. Nov. 6, 2023). In total, I will deduct 2.4 hours from Simmons's total time for these tasks.

Defendants also argue that Plaintiffs offer insufficient detail with respect to billing entries that discuss draft briefs. (*See* Doc. 587 at 7–8.) They argue that "[r]ecords indicating generic 'Legal research,' 'draft argument,' and [the like] are not 'meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.'" (*Id.* (quoting *Jane L.*, 61 F.3d at 1510) (citing Doc. 584-4).) Plaintiffs respond that "Judge Strickland's order granting a preliminary injunction was affirmed in every respect, so there is" little reason to delineate what time counsel spent researching and drafting each individual argument on appeal. (*See* Doc. 590 at 8.) The Court agrees with Plaintiffs. Had Plaintiffs only partially succeeded on appeal, the Court would require them to be more exacting in their timekeeping. As the Tenth

5

Circuit affirmed the opinion in every respect, the Court will not require such a high level of specificity here.

### 2. Issues on Appeal

Plaintiffs argue that this disability discrimination suit is "complex" and "requires both specialized knowledge and long hours . . . ." (*See* Doc. 584 at 5.) Defendants counter that, although the facts of this case "may be difficult to sift through," "[t]he question of when to grant a preliminary injunction is well-settled[,]" and "[t]he elements of injunctive relief are straightforward[] and . . . were already briefed before this Court prior to the appeal to the Tenth Circuit." (Doc. 587 at 9–10.) Plaintiffs maintain, though, that "Defendants' detailed approach to their argument before the Tenth Circuit" is evidence of the complexity of the appeal. (Doc. 590 at 2.) Moreover, Plaintiffs contend, the fact that the Tenth Circuit "placed the appeal on the general calendar" and published its 42-page opinion underscores its importance. (*See id.* at 2–3.) Finally, Plaintiffs demonstrate that the issue of medically fragile children's entitlement to services is not widely litigated and is, therefore, fairly complex and specialized. (*See id.* at 3.) The Court agrees and finds the issue on appeal was sufficiently novel to warrant the time documented to research and draft the issues.

### 3. Travel Costs

Plaintiffs seek $767.70 in costs for the round-trip flight. (*See id.* at 4.) Defendants ask the Court to deny this expense for two reasons. First, Defendants argue that the cost of the flight is not recoverable under the Tenth Circuit's order, which stated that "[c]osts related to attorney travel are not allowable as a 'cost' under [the Tenth Circuit's] rules but must instead be requested as part of the award of appellate attorneys' fees from the district court." (*See* Doc. 587 at 11 (citing Doc. 507-1 at 2).) Defendants argue that "[b]ecause Plaintiffs characterize their travel expenses as

6

'costs,' they are precluded from recovering them under the Order . . . ." (Doc. 587 at 11.)

Plaintiffs respond that travel fees are recoverable expenses. (*See* Doc. 590 (citing *Bee v. Greaves*, 910 F.2d 686, 689 (10th Cir. 1990)).) In *Bee*, the Tenth Circuit found that an attorney's travel expenses to Denver for oral argument may be awarded as part of the attorney fee award in civil rights cases if "such costs would normally be billed to a private client." *Bee*, 910 F.2d at 690 (quoting *Ramos* 713 F.2d at 559). It also found that the party's "categorization of the [travel expenses as costs rather than fees] is not dispositive of their recoverability." *Id.* (citations omitted). Here, Plaintiffs may have listed the flight as costs instead of fees, but that characterization alone does not preclude recovery. Rather, Plaintiffs must show that the cost of a flight is normally billable. Yet, Plaintiffs make no argument on this point. Moreover, Plaintiffs fail to respond to Defendants' second point: there is no documentary support for the cost of the flight. (*See* Doc. 587 at 10–11.) Plaintiffs neither address this argument nor attach a receipt. (*See* Doc. 590.) Accordingly, the Court declines to award the amount of the flight.

Plaintiffs also seek compensation for the 7.2 hours Ms. Simmons spent traveling to and in Denver for oral argument. (*See* Doc. 584-4 at 3.) This includes the time she spent traveling to the airport and on the flight itself, traveling to and checking in at the hotel, and traveling to the court and participating in oral argument. (*See id.*) Although Defendants do not apparently dispute the accounting of counsel's time (*see* Doc. 587 at 10–11), the Court notes that Plaintiffs fail to cite authority to establish that attorneys normally bill at a full hourly rate for travel time. Given that travel time is "essentially unproductive," the Court will exercise its discretion to reduce the hourly rate for the 7.2 hours of travel time by 50%. *See, e.g.*, *Chavez v. Stomp*, No. 1:10-cv-0205 JCH/ACT, 2014 WL 12796784, at *6 (D.N.M. Feb. 27, 2014) (gathering cases and cutting hourly rate by 50% for travel time).

7

4.  **Fees on Fees**

For the first time in their reply brief, Plaintiffs claim an additional 11.3 hours to litigate the issue of attorneys' fees. (*See* Doc. 590 at 11; 590-5.) Because Plaintiffs failed to include this request in their motion, Defendants had no opportunity to challenge it. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quotation omitted). Consequently, the Court will not award fees for the 11.3 hours allegedly spent researching and drafting the fee request.

In total, the Court deducts 2.4 hours of the time Ms. Simmons spent on clerical work or deficiencies, deducts the cost of the round-trip flight, reduces by 50% the hourly rate for the 7.2 hours of the time she spent on travel, and deducts the 11.3 hours spent on the fee request. Thus, of the 99.1 hours Ms. Simmons claims in total, the Court will deduct 13.7 hours for a total of 85.4 hours. Of the 85.4 hours of compensable time, 78.2 hours will be awarded at the full reasonable hourly rate and 7.2 hours will be awarded at 50% of the hourly rate.

B.  **Reasonable Fees**

Plaintiffs request the following hourly rates: $450/hour for Ms. Simmons, a private practitioner with 41 years of experience; and $325/hour for Mr. Gordon and Ms. Nesbitt, DRNM associates with 20 years and 21 years of experience, respectively. (*See* Doc. 584 at 3.) To determine a reasonable hourly rate, the Court must "consider[] the 'prevailing market rate in the relevant community.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). "Plaintiffs must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224–25 (quotation marks and citations omitted). "Civil rights attorneys in this district engage in complex federal litigation and should be paid like attorney[s]

practicing in complex commercial litigation." *Harris v. Governing Bd. of Artesia Gen. Hosp.*, No. 2:19-cv-0564 KWR/CG, 2021 WL 1614643, at *4 (D.N.M. Apr. 26, 2021).

Plaintiffs submit a declaration from Peter Cubra, another experienced civil rights attorney in New Mexico who is familiar with Ms. Simmons's work in disability discrimination litigation and with the hourly rates of other civil rights attorneys. (*See* Doc. 584-2 ¶¶ 1, 3–9, 11–14.) He describes Ms. Simmons's experience and expertise in this state as "extremely rare," and opines that her experience, combined with "the very high complexity of this case and the quite substantial risks involved[,]" lead to a reasonable hourly rate of at least $450. (*Id.* ¶¶ 10, 15.) In her own declaration, Ms. Simmons states that $450/hour is reasonable in light of her experience and due to "the limited number of attorneys in New Mexico who practice in this area of law, the complexity of this area of law, the contingency nature of the compensation, and the challenges of representing children with disabilities." (Doc. 584-3 ¶7.) She also believes $325/hour is reasonable for Mr. Gordon and Ms. Nesbitt "in light of their years of experience and their recognized expertise in disability discrimination law, particularly with regard to the Medicaid Act." (*Id.* ¶ 8.) The Court considers these declarations together with caselaw from this district to settle on reasonable hourly rates.

1. Ms. Simmons

Defendants argue that Mr. Cubra's declaration is insufficient to establish reasonable hourly rates because he discussed rates charged by attorneys in New Mexico generally, not in Albuquerque specifically. (*See* Doc. 587 at 4 (citing Doc. 584-2 ¶¶ 13–14).) Defendants contend that Ms. Simmons's declaration is similarly inadequate to establish her hourly rate, as she also "fails to provide evidence of the local market and appropriate rates for civil rights [litigation] performed in Albuquerque." (*Id.*) Defendants cite to *Pruess v. Presbyterian Health Plan, Inc.*,

9

where the court reduced the requested rate because the attorneys did not submit evidence adequate to show "that their requested rates [were] reasonable in the Albuquerque community." (*See id.* (discussing *Pruess*, No. 19-cv-0629 DHU/JFR, 2022 WL 796370, at *10 (D.N.M. Mar. 16, 2022)).) In that case, however, the out-of-state attorneys provided evidence of what they personally charged per hour and cited federal cases from "around the country"—not from New Mexico or Albuquerque—in support of their claimed rates. *See Pruess*, 2022 WL 796370, at *9.

Unlike in *Pruess*, Plaintiffs here provide cases from this district in support of their requested hourly rates. (*See* Docs. 584 at 3–5; 590 at 4–5.) However, Plaintiffs have not identified a case awarding an hourly rate of $450/hour. Plaintiffs argue that "over the course of time and adjusting for inflation and experience," $450/hour is reasonable. (*See* Doc. 584 at 3.) Of the cases Plaintiffs rely on, the highest rate awarded was $400/hour for a partner at a large firm with experience in civil rights litigation. *See Martin v. City of Albuquerque*, No. 1:18-cv-0031 RB/JFR, 2020 WL 1139054, at *5 (D.N.M. Mar. 9, 2020). And Judge Browning remarked in a 2018 opinion "that the hourly rates for some of the top civil rights attorneys in New Mexico are now over $400.00 per hour." *See O Centro*, 343 F. Supp. 3d at 1067 (citation omitted). Considering Ms. Simmons's extensive experience in this fairly niche area of disability rights discrimination litigation, Mr. Cubra's declaration attesting to Ms. Simmons's expertise and excellent reputation, and past awards in this district, the Court finds $425/hour is a reasonable rate.

The Court calculates Ms. Simmons's total fee award as follows:

78.2 hours at $425/hour = $33,235.00; 7.2 hours at $212.50/hour = $1,530.00.

Total attorney's fees for Ms. Simmons = $34,765.00.

### 2. Mr. Gordon and Ms. Nesbitt

Defendants argue that Plaintiffs fail to carry their burden to show that the requested rate

10

for Mr. Gordon and Ms. Nesbitt is reasonable. (*See* Doc. 587 at 7 n.2.) The Court agrees that the evidence Plaintiffs initially provided was scant: in her declaration, Ms. Simmons opines that the requested rate is reasonable given their experience and expertise—their careers span more than two decades each—in disability discrimination law. (*See* Doc. 584-3 ¶ 8.) In their reply brief, Plaintiffs point to record evidence that more fully outlines the attorneys' qualifications. (*See* Doc. 590 at 4–5 n.2 (citing Doc. 235-4).) Mr. Gordon, an attorney since 2004, has practiced at DRNM since 2008 and served as DRNM's Litigation Manager since 2015. (*See* Doc. 235-4 at 2.) Ms. Nesbitt, an attorney since 2003, has "represent[ed] students with disabilities in" New Mexico for over 17 years. (*See id.* at 3.) Both have participated in multiple class action lawsuits in the area of disability rights litigation. (*See id.* at 2–3.)

The cases Plaintiffs rely on to support Ms. Simmons's rate are also relevant to the DRNM associates' rate. In 2020, the court awarded $300/hour to an attorney with 11 years' experience. *Martin*, 2020 WL 1139054, at *6. In 2018, the court awarded $350/hour to an attorney with only 12 years' experience but recognized that he specialized in a niche area. *See O Centro*, 343 F. Supp. 3d at 1084–86. Because Mr. Gordon and Ms. Nesbitt are experienced attorneys with an extensive background in disability discrimination litigation, the Court finds $325/hour is a reasonable hourly rate.

Thus, Mr. Gordon's fee award is: 1.5 hours at $325/hour = $487.50.

And Ms. Nesbitt's fee award is: 3.0 hours x $325/hour = $975.00.

## III. Conclusion

The Court finds as follows:

Total fee award: $34,765.00 + $487.50 + $975.00 = $36,227.50.

Gross receipts tax: $36,227.50 x 7.625% = $2,762.35.

Total: $38,989.85.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Opposed Motion for Attorney's Fees and Costs Incurred on Appeal (Doc. 584) is **GRANTED IN PART**. The Court awards a total award of **$38,989.85.**

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE