IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**M.G., a minor and through their mother
Christina Garcia and DISABILITY
RIGHTS NEW MEXICO, INC.,**

     **Plaintiffs,**

v.                                                             **No. 1:22-cv0325 SMD/DLM**

**STATE OF NEW MEXICO HEALTHCARE
AUTHORITY; and Kari Armijo, in her official
capacity as Secretary for the STATE OF NEW
MEXICO HEALTHCARE AUTHORITY,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Opposed Motion to Reconsider Order Denying Request for Fees Incurred in Litigating Plaintiffs' Motion for Attorney's Fees on Appeal, or in the Alternative, New Motion for Attorney's Fees Incurred. (Doc. 598.) On July 24, 2025, Plaintiffs filed a motion for attorneys' fees and costs associated with an appeal. (Doc. 584.) In the reply brief to that motion, Plaintiffs asked the Court for the first time to award "fees on fees" for the 11.3 hours spent litigating the issue of attorneys' fees. (*See* Doc. 593 at 8 (citing Docs. 590 at 11; 590-5).) The Court denied that portion of the motion seeking fees on fees, as "Plaintiffs failed to include [the] request in their motion, and Defendant had no opportunity to challenge it." (*Id.*) Plaintiffs now ask the Court to reconsider that portion of the decision or, in the alternative, "Plaintiffs submit a new motion" requesting fees on fees. (Doc. 598 at 1.) For the reasons set forth below, the Court **GRANTS in part** the motion.

The Court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th

Cir. 2008) (quotation omitted). Moreover, as Plaintiffs correctly note, "[t]he Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees." *See Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994). (*See also* Doc. 598 at 1–2.)

Plaintiffs admit that this is not the first time they have mistakenly asked for fees in a reply brief. (*See id.* at 2 (citing Docs. 217 at 42–43; 219).) In its May 26, 2023 Opinion, the Court observed that "Plaintiffs ask[ed] for fees and costs for the first time in their Reply." (*See* Doc. 217 at 42 (citing Doc. 192 at 27).) The Court declined to award fees and cited the rule that "[a]rguments raised for the first time in a reply brief are waived." (*Id.* at 42–43 (quoting *In re: Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1113 n.5 (10th Cir. 2017)).)

Here, Plaintiffs contend that "they were unable to make a specific request for fees-on-fees in their opening Motion, because a request for attorney's fees could not be presented until after Plaintiffs submitted their Reply and could therefore calculate the total amount of fees incurred." (Doc. 598 at 2.) The Court submits that the better practice would be to include the request in the motion, including a calculation of the time spent preparing the motion and a request to update the fee request in the reply. Opposing counsel would then have an opportunity to argue against fees-on-fees without the necessity of an entirely separate motion.

The Court will exercise its discretion to grant Plaintiffs' motion to reconsider and award the requested fees in part. A fee-on-fee award "is not without limits." *See Cummins*, 44 F.3d at 855. The Tenth Circuit opined in *Glass v. Pfeffer* that a fee-on-fee award is fair when "the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (quotation omitted). Here, *Plaintiffs'* omission made additional work necessary. Moreover,

the Court granted the initial fee request in part: of the $49,729 Plaintiffs requested in fees and costs, the Court awarded $38,989.85, or approximately 78%. (*See* Doc. 593 at 2, 11–12.)

The Court finds the following award to be reasonable. First, the Court deducts 1.0 hour for counsel's time spent reviewing the Tenth Circuit order (.1 hr), reviewing a time sheet (.2 hrs), assembling exhibits (.1 hr), and creating a table (.6 hrs). (*See* Doc. 590-5 at 1.) The Court thus awards fees for 10.3 hours at $400 per hour for a total of $4,120.00. The Court will exercise its discretion to deduct an additional 10% ($412.00) from this award on the basis that Plaintiffs caused additional work and because their original motion was granted only in part.

Total fee award: $4,120.00 - $412.00 = $3,708.00.

Gross receipt tax: $3,708.00 x 7.625% = $282.74.

Total: $3,990.74.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Opposed Motion to Reconsider (Doc. 598) is **GRANTED IN PART**. The Court awards **$3,990.74**.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE